UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAMON IZQUIERDO,<br><br>                              Plaintiff,<br>v.<br><br>EASY LOANS CORP.,<br><br>                             Defendant. | Case No. 2:13-cv-01032-MMD-VCF<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 7) |

**I.   SUMMARY**

Before the Court is Defendant Easy Loans Corporation's ("Easy Loans") Motion to Dismiss. (Dkt. no. 7.) The Court has also considered Plaintiff Ramon Izquierdo's ("Plaintiff") opposition and Easy Loans' reply. For the reasons discussed below, the motion is denied.

**II.   BACKGROUND**

This case arises out of alleged violations of the Fair Debt Collections Practices Act. The facts that follow are taken from the Complaint. Plaintiff incurred a financial obligation to First USA Bank, N.A. Chase (the "Creditor") for a credit card provided by the Creditor to Plaintiff for family, personal, or household purposes. (Dkt. no. 1 at ¶ 1.) Plaintiff defaulted on the debt in June 2006. (Id. at ¶ 17.) The Creditor sold, assigned, or transferred the debt to Easy Loans for collection. Alternatively, the Creditor employed Easy Loans to collect the debt. (Id. at ¶ 12.)

On November 12, 2012, Easy Loans sued Plaintiff in Las Vegas Justice Court ("Justice Court Complaint") attempting to collect the debt. (Id. at ¶ 14.) At the time Easy

Loans filed the Justice Court Complaint, Easy Loans knew or should have known that both California and Nevada law time-barred the suit. (*Id.* at ¶ 19, 21.) Regardless, Easy Loans brought the suit in an attempt to harass the Plaintiff into repaying a debt he was no longer responsible to pay. (*Id.* at ¶ 23.)

On June 11, 2013, Plaintiff filed this suit alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., under multiple section of the statute, including § 1692d, § 1692e(2, 5, 7, 10), and § 1692f(1). Plaintiff sought actual and statutory damages under § 1692k(a)(1-2).

### III. LEGAL STANDARD

On a 12(b)(6) motion, the court must determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir. 2011) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (citation and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

///

///

///

## IV. DISCUSSION

Plaintiff alleges that Easy Loans violated the FDCPA by filing a time-barred lawsuit in an attempt to collect an alleged debt. Easy Loans argues that Plaintiff has failed to state a claim under the FDCPA.

To state an FDCPA claim, a plaintiff must allege: (1) plaintiff is a consumer, (2) defendant is a debt-collector, (3) defendant attempted to collect a consumer debt, and (4) defendant violated a statutory provision in its collection activities. 15 U.S.C. § 1692. Easy Loans does not challenge that plaintiff is a consumer or that Easy Loans attempted to collect a consumer debt. Instead, Easy Loans' arguments focus on two issues: (1) whether Easy Loans is a debt-collector and (2) whether Plaintiff has adequately alleged violations of the statute.

### 1. Debt-Collector

Easy Loans points to the Justice Court Complaint and asks the Court to find that Easy Loans is a "creditor, not a debt collection agency." (Dkt. no. 7, at 11.) Under the FDCPA, "creditor" means "any person who offers or extends credit creating a debt or to whom a debt is owed," however the definition of creditor explicitly does not include "any person to the extent that he receives an assignment or transfer of a debt in default *solely for the purpose of facilitating collection of such debt for another.*" 15 U.S.C § 1692a(4) (emphasis added). Additionally, "debt collector" means "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C § 1692a(6).

As an initial matter, the fact that Easy Loans alleged in its own Justice Court Complaint that it was a "creditor" is irrelevant. This is because whether Easy Loans is a debt collector or creditor is a legal determination to be made by this Court in this action. Moreover, taking the facts alleged in the Complaint as true, Plaintiff has alleged Easy Loans was acting as a debt collector when it filed the Justice Court Complaint. Plaintiff

has alleged that the Creditor sold, assigned, or transferred the debt "to [Easy Loans] for collection, or [Easy Loans] was employed by the Creditor to collect the Debt." (Dkt. no 1 at ¶ 12.) This allegation removes Easy Loans from the explicit definition of "creditor" and places it squarely within the definition of a "debt collector" by alleging Easy Loans was assigned the debt solely to facilitate debt collection for the Creditor. Thus, Plaintiff has adequately alleged that Easy Loans is a debt collector to satisfy the second element of an FDCPA claim.

### 2. Statutory Violations

The Court finds that Plaintiff has adequately pled FDCPA violations. Specifically, Plaintiff alleges that Easy Loans filed a time-barred lawsuit knowing full well that it had no legal right to collect the debt and did so for the purpose of harassing Plaintiff. Thus, the falsity is the charge that Plaintiff legally owed, or that Easy Loans had any right to collect, the alleged debt. 15 U.S.C. § 1692d, e. The falsity related not only to the legality of the collection activity, but also the amounts, because as Plaintiff alleges, no amount was legally recoverable. *Id.* at § 1692e, f. This sufficiently states a claim under the FDCPA. *See id.* at § 1692d, e, f.

Easy Loans asserts three arguments as to why Plaintiff has failed to plead violations of the statute. These arguments are all tenuous.

First, Easy Loans argues it does not have adequate notice of the claims because Plaintiff fails to provide the date or time of the alleged false misrepresentations. Easy Loans seeks to impermissibly impose a heightened pleading standard on Plaintiff. Easy Loans also ignores that the impetus behind Plaintiff's claims was the filing of the Justice Court Complaint. Therefore, Easy Loans is on notice of the misrepresentations in the Justice Court Complaint and the date they were made, i.e. the date the Justice Court Complaint was filed. Additionally, Easy Loans points to specific paragraphs in the Complaint and argues that the allegations are legal conclusions not entitled to the presumption of truth, and concludes that the claim should be dismissed. However, Easy Loans' reference to specific paragraphs containing legal conclusions ignores the factual

allegations contained in other paragraphs. This argument fails because when analyzing the sufficiency of a complaint, the Court looks at the whole complaint, not single paragraphs in isolation.

Second, Easy Loans argues that Plaintiff's failure to allege that "Easy Loans used or threatened to use violence, used obscene language, advertised the debt, or repeatedly called Plaintiff" dooms Plaintiff's Complaint. (Dkt. no 7 at 4.) However, Easy Loans' argument fails because it does not consider that the few examples outlined in the statute are non-exhaustive. See 15 U.S.C. § 1692d. Additionally, Easy Loans' reliance on Sixth Circuit precedent to argue the filing of a debt collection lawsuit does not violate the FDCPA is misplaced. The Ninth Circuit has held that "a complaint served directly on a consumer to facilitate debt-collection efforts is a communication subject to the requirements of" the FDCPA. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1031-32 (9th Cir. 2010). Therefore, when Easy Loans served the otherwise time-barred Justice Court Complaint to facilitate debt-collection efforts, it became subject to the FDCPA.

Finally, Easy Loans argues that the Complaint's allegations undermine Plaintiff's position that Easy Loans was time-barred from collecting the debt because there is a six-year statute of limitations under Nevada Law for contract claims. Easy Loans argues that because the debt was incurred under a Cardmember Agreement with the original Creditor,[1] the six-year statute of limitations applies and the Justice Court Complaint was timely. Plaintiff argues that Nevada's four-year statute of limitations for open accounts applies.[2] Here, however, neither Nevada nor California law apply. The Cardmember Agreement, which forms the basis of Easy Loans' contract claim in the Justice Court

---

[1] Easy Loans requests the Court take judicial notice of the Cardmember Agreement. Dkt. no. 8. Plaintiff does not oppose the request or challenge the authenticity of the document. In fact, Plaintiff relies on the document to argue his position. Therefore, the Court considers the Cardmember Agreement.

[2] Specifically, the California statute of limitations for actions on open accounts for goods or contracts is four (4) years, Cal. Civ. Pro. § 337, Nevada's statutes of the limitations for actions on open accounts for goods is four (4) years, and for actions on contract is six (6) years. See Nev. Rev. Stat. § 11.190.

Complaint, specifically contains a Delaware choice of law provision. (Dkt. no. 8, Ex. 2 at 3.) Under Delaware law, contract claims are subject to a three-year statute of limitations. 10 Del. C. § 8106. Thus, applying the Delaware statute of limitations, Easy Loans' Justice Court Complaint was time-barred and this argument fails.

In sum, Plaintiff has adequately stated an FDCPA claim by alleging he is a consumer, Easy Loans is a debt-collector, Easy Loans attempted to collect a consumer debt, and did so by violating FDCPA statutory provisions in its collection activities.

## V.  CONCLUSION

It is therefore ordered that Defendant Easy Loans Corporation's Motion to Dismiss (dkt. no. 7) is denied.

DATED THIS 18th day of March 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE