ROBERT QUALEY
Dotson & Qualey
2320 Paseo Del Prado, B 205
Las Vegas, NV 89102
(702) 474-667
rqualey@qualeylawfirm.com

TOMIO B. NARITA (*pro hac vice*)
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104
(415) 283-1010
tnarita@snllp.com

Attorneys for Defendant
Easy Loans Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| RAMON IZQUIERDO, | Case No. 2:13-cv-01032-MMD-VCF |
| Plaintiff, | |
| vs. | **DEFENDANT EASY LOANS CORPORATION'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION** |
| EASY LOANS CORPORATION; and DOES 1-10, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

In the Order denying the motion to dismiss, Docket 17, the Court held that the state court complaint filed by defendant Easy Loans Corporation ("Easy Loans") against plaintiff Ramon Izquierdo ("Izquierdo") was subject to the Cardmember agreement relating to the account, which calls for the application of Delaware law. The Court concluded that Delaware's three year statute of limitations applied to Easy Loan's claims, and that the state law complaint filed by Easy Loans was therefore time-barred. Easy Loans respectfully submits that reconsideration is warranted, for two independent reasons.

First, Nevada law applied to Easy Loans' state law claims against Izquierdo, not Delaware law. Although the Cardmember Agreement contains a standard choice of law clause referencing Delaware law, it does not specifically state that the procedural law of Delaware – such as that state's statutes of limitation – should apply. The Ninth Circuit and courts around the country have held that in the absence of express language adopting the procedural law of the foreign state, the court should apply the statute of limitations in the forum state. Thus, Nevada's six-year statute of limitations applied, and Easy Loan's claims were timely.

Second, even if the Court concludes that Delaware's statute of limitations should apply, the Court must also apply Delaware's tolling provision. Izquierdo admits that he was not subject to service of process in Delaware at any time. Given this, the Delaware Supreme Court has held that the limitations period is tolled indefinitely until such time as the party is subject to service in Delaware. Izquierdo relies upon decisions that misapply the holdings of the Delaware Supreme Court and have been roundly criticized by other courts. If the Court is going to apply the Delaware statute of limitations, it must also apply Delaware's statute regarding tolling. Thus, even if Delaware law applies, the state court complaint filed by Easy Loans was timely. Reconsideration is warranted here, and the motion to dismiss should be granted.

## II. ARGUMENT

### A. Nevada's Six Year Statute Of Limitations Applied To The Claims Filed In State Court, Because The Choice Of Law Provision In The Cardmember Agreement Does Not Incorporate The Procedural Laws Of Delaware, Such As The Statute Of Limitations

The choice of law clause in the Cardmember Agreement calls for the application of Delaware law and federal law, but it does not expressly adopt the Delaware statute of limitations or any other portion of Delaware's procedural law. Thus, Delaware's statute of limitations does not apply to the claims asserted in the state court action. Nevada's six-year statute of limitations applied.

The Cardmember Agreement states in relevant part: "This agreement and your account will be governed by the law of the state of Delaware and, as applicable, federal law." *See* Docket No. 8, Exhibit 2 at 3. The Ninth Circuit has held that a standard choice of law clause, such as this one, incorporates only the substantive law of the chosen forum, and not procedural law, such as the statute of limitations. *See Des Brisay v. Goldfield Corp.*, 637 F.2d 680, 682 (9th Cir. 1981) (clause stating that "This agreement shall be governed by and interpreted according to the laws of the province of British Columbia" was a "standard choice of law clause" which did not incorporate the statute of limitations: "Such clauses generally do not contemplate application to statutes of limitation. Limitations periods are usually considered to be related to judicial administration and thus governed by the rules of local law, even if the substantive law of another jurisdiction applies.").[1]

---

[1] Other courts are in accord, holding that a choice of law clause does not incorporate the procedural laws of the foreign state. *See, e.g. Fed. Deposit Ins. Corp. v. Petersen*, 770 F.2d 141, 142 (10th Cir. 1985) ("The parties did not expressly state an intention to include the Illinois statute of limitations into the guaranties choice of law provisions."); *Dudek v. Thomas & Thomas Attorneys & Counselors at Law, LLC*, 702 F. Supp. 2d 826, 834 (N.D. Ohio 2010) (dismissing FDCPA claim; action filed in Ohio was not time-barred because New Hampshire's statute of limitation did not apply: "It is well-established, however, that contractual choice-of-law clauses incorporate only substantive law, not procedural provisions such as statutes of limitations.") citing *Cole*

Delaware's statute of limitations does not apply, therefore, because the parties did not clearly express in the agreement that it was their intent to use Delaware's procedural laws. *See Des Brisay*, 637 F.2d at 682 ("the intention of the parties to contractually agree upon a limitations period should be clearly expressed"); *Petersen*, 770 F.2d at 142 ("Absent an express statement of intent, a standard choice of law provision such as this one will not be interpreted as covering a statute of limitations."); *Cole*, 133 F.3d at 437 ("Absent an express statement that the parties intended another state's limitations statute to apply, the procedural law of the forum governs time restrictions on an action for breach, while the law chosen by the parties governs the terms of their contract."). Thus, the statute of limitations of the state where the suit was filed – here, Nevada – controls.

Under N.R.S. § 11.190 (b), the statute of limitations for an action upon a contract, obligation, or liability founded upon an instrument in writing is six years. *See* Nev. Rev. Stat. Ann. § 11.190. There is no dispute that Izquierdo's account is founded upon an instrument in writing; namely, the Cardmember Agreement. Thus, Nevada's six-year statute of limitations applied to the state court action, and that lawsuit was timely filed.

Given this record, Easy Loans submits that it is beyond question that Nevada's six year statute of limitations applied to the claims it asserted in state court. Even if the Court concludes that there is "substantial question" over which of the two statutes of limitation should apply, however, the Court should as a matter of policy apply the <u>longer</u> of the two periods - here, Nevada's six year statute. *See Guam Scottish Rite Bodies v. Flores*, 486 F.2d 748, 750 (9th Cir. 1973).

Izquierdo's reliance on *Progressive Gulf Ins. Co. v. Faehnrich*, _ P.3d _, 130 Nev. Adv. Op. 19 (2014) is misplaced. *Progressive* did not apply the statute of

---

*v. Mileti*, 133 F.3d 433, 437 (6th Cir. 1998) ("In two recent cases we have held that contractual choice-of-law clauses incorporate only substantive law, not procedural provisions such as statutes of limitations.").

1  limitations of Mississippi, the state identified in the parties' choice of law clause.
2  Rather, the Court applied Mississippi law to an issue of substantive law, namely, the
3  validity of a household exclusion provision contained in an automobile liability
4  insurance policy.  Here, as previously discussed, the statute of limitations is
5  procedural, and therefore Delaware's statute of limitations does not apply to the
6  claims in the state court action.

7      The Court should reconsider its earlier ruling and should hold that Nevada law
8  applied and the state court case.  Easy Loan's claims were timely filed.  The motion
9  to dismiss should be granted.

10     **B.   Even If Delaware's Statute Of Limitations Applied, The State Court Action Was Timely, Because The Statute Was Tolled While Izquierdo Was Not Subject To Service Of Process In Delaware**
11

12     Even if the Court concludes that Delaware's statute of limitations applied to
13  the state court action filed by Easy Loans, that action was still timely, because the
14  statute of limitations was tolled pursuant to Delaware's tolling provision.

15     Delaware law has a three-year statute of limitations that, according to the
16  Court's ruling, would apply to claims for collection of a delinquent credit card debt.
17  *See* Del. Code Ann. Tit. 10, § 8106.  But if Delaware's statute of limitations is to be
18  applied here, the Court must also apply Delaware's tolling statute.  Several courts,
19  including the United States Supreme Court, have held that when a court applies a
20  particular state's statute of limitations, the court must also apply the state's rules for
21  tolling the limitations period.  *See, e.g., Johnson v. Railway Exp. Agency, Inc.,* 421
22  U.S. 454, 463 (1975) ("Any period of limitation . . . is understood fully only in the
23  context of the various circumstances that suspend it from running against a particular
24  cause of action . . . In virtually all statutes of limitations the chronological length of
25  the limitation period is interrelated with provisions regarding tolling, revival, and
26  questions of application.  In borrowing a state period of limitation for application to a
27  federal cause of action, a federal court is relying on the State's wisdom in setting a
28  limit, and exceptions thereto, on the prosecution of a closely analogous claim.");

*TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999) ("In actions like this one, where the federal courts borrow the state statute of limitations, we also borrow the forum state's tolling rules."); *Bohus v. Beloff*, 950 F.2d 919, 924 (3d Cir. 1991) ("'[S]tate tolling principles are generally to be used by a federal court when it is applying a state limitations period.'").

Delaware law provides that the statute of limitations is tolled if a defendant is not available to be served with process in Delaware.  *See* Del. Code Ann. Tit. 10, § 8117 ("If at the time when a cause of action accrues against any person, such person is out of the State, the action may be commenced, within the time limited therefor in this chapter, after such person comes into the State in such manner that by reasonable diligence, such person may be served with process."); *see also Saudi Basic Indus. Corp. v. Mobil Yanbu Petrochemical Co., Inc.*, 866 A.2d 1, 18 (Del. 2005) ("It is settled law that the purpose and effect of Section 8117 is to toll the statute of limitations as to defendants who, at the time the cause of action accrues, are outside [Delaware] and are not otherwise subject to service of process in the state.  In those circumstances, the statute of limitations is tolled until the defendant becomes amenable to service of process.").

The Delaware Supreme Court's decision in *Saudi Basic* is on point and controls the outcome here.  There, the plaintiff, a Saudi Arabian corporation predominately owned by the Saudi government, argued that the counterclaims for breach of contract were time-barred under Delaware's three-year statute of limitation. *See id.* at 10, 18.  Like Izquiredo, the plaintiff in *Saudi Basic* was not a resident of Delaware, and could not have been sued in Delaware unless the plaintiff subjected itself to suit there (which it did, by filing an action in Delaware).  *See id.* at 18-19. The Delaware Supreme Court held that the counterclaims by defendant ExxonMobil were timely, given the purpose and effect of tolling provision in section 8117.  As the court explained:

>Here, SABIC was "out of the state" and service of process upon SABIC could not have been accomplished in Delaware. Because SABIC lacked significant contacts with Delaware before it filed this lawsuit, the Delaware courts would have lacked personal jurisdiction over SABIC. Therefore, ExxonMobil could not have obtained personal jurisdiction over SABIC in Delaware . . . Thus, even if the three-year Delaware statute of limitations were found applicable to ExxonMobil's claims, the running of that statute was tolled until the date that SABIC filed its Superior Court action.

*Id.* at 18-19.

Here, as in *Saudi Basic*, Izquiredo did not reside in Delaware and was not subject to service of process there, a point he concedes. *See* Opposition to Motion for Reconsideration, Doc. 23, at p. 7. Nor could Easy Loans have sued him in Delaware to collect the debt, because, under federal law, a collector may only sue a debtor in the county where the contract was signed or where the debtor resides. *See* 15 U.S.C. § 1692i(a)(2). Thus, as in *Saudi Basic*, and pursuant to section 8117, the three-year statute of limitations was tolled, and Easy Loans' suit was timely.

Courts across the country have concluded that the Delaware statute of limitations is tolled if a party is absent from and resides outside of Delaware at the time the cause of action is accrued. *See, e.g.*, *CACV of Colorado, LLC v. Stevens*, 248 Or. App. 624, 631 (2012) ("By its terms, the statute tolls Delaware statutory limitation periods 'as to defendants who, at the time the cause of action accrues, are outside the state and are not otherwise subject to service of process in the state.'"); *Unifund CCR Partners v. Sunde*, 163 Wash. App. 473, 487 (2011) ("Accordingly, we hold that when the cause of action accrued in early 2003, Sunde was absent from Delaware, not amenable to service of process in Delaware, and has not been amenable to service of process since that time . . . The trial court therefore erred when it found that Delaware's tolling statute did not apply and dismissed Unifund's Chase Account claim."); *Unifund CCR Partners v. Porras*, 249 Or. App. 169, 170 ("There, as here, the issue was whether Delaware's or Oregon's statute of limitation applied in an action to recover the balance owed on a credit card account, which was generally governed by Delaware law. We determined that Delaware's nonresident tolling

1  statute would apply to Delaware's statute of limitations in such cases and would toll
2  the Delaware limitation period until the defendant became a Delaware resident."); *see*
3  *also Avery v. First Resolution Management Corp.*, 568 F.3d 1018, 1022-23 (9th Cir.
4  2009); (applying similar New Hampshire nonresident tolling provision: "[b]ecause
5  Avery was absent from New Hampshire at all relevant times, the statute of limitations
6  on the claim against her was tolled under New Hampshire law and had not run by the
7  time the Attorneys brought suit against her in Oregon.").

8   Izquiredo relies on *Resurgence Financial, LLC v. Chambers*, 173 Cal. App. 4th
9  Supp. 1 (2009), and *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268 (M.D. Fla.
10 2008), but neither case should be followed here. *Chambers,* a decision issued by the
11 appellate division of the Superior Court of the County of Santa Clara, concluded that
12 "[a]pplying Delaware's tolling statute to a case filed in California would be absurd"
13 Similarly, the *McCorriston* court interpreted *Saudi Basic* for the proposition that
14 when "a non-resident defendant is sued in Delaware, but is outside the jurisdiction,
15 the statute of limitations is tolled until the defendant is available to be served in
16 Delaware." 536 F. Supp. 2d at 1276. But *McCorriston* reasoned, incorrectly, that the
17 Delaware tolling statute only applied to cases "brought in Delaware" and that it
18 would create "an absurd result" if the statute was interpreted to indefinitely toll the
19 limitations period as to lawsuits filed outside of that state. *Id*.

20   *Chambers* and *McCorriston* both completely misapplied the Delaware
21 Supreme Court's holding in *Saudi Basic.* For this reason, the Court in *Stevens,* 248
22 Or. App. at 635, expressly rejected the holdings of *Chambers* and *McCorriston.* The
23 *Stevens* court observed that the Delaware Supreme Court's decision in *Saudi Basic*
24 "comports the opposite conclusion – one that comports with the literal meaning of the
25 tolling statute and the general legislative policy underlying it." *See id.*

26   *Stevens* is on point and provides the correct analysis. There, the cardholder
27 agreement included a choice-of-law provision calling for application of the laws of
28 the United States and the State of Delaware. *See id.* at 626. The defendant, an

Oregon resident, defaulted on her credit card, and the plaintiff filed a breach of contract action. *See id.* Applying section 8117, and relying on *Saudi Basic*, the *Stevens* Court held that "[b]y its terms, the statute tolls Delaware statutory limitation periods," as to nonresidents who are not subject to service of process in the state. *See id.* 631. The *Stevens* court also recognized that, "the tolling statute does not expressly limit its application to cases filed in Delaware; hence, the tolling statute appears to apply to Plaintiff's action and to toll the running of the Delaware statute of limitation in it." *Id.*

Like Izquierdo, the defendant in *Stevens* relied on *Chambers* and *McCorriston*, but the *Stevens* Court squarely rejected their reasoning. As the court explained:

> The import of *Saudi Basic* [sic] for this case is that the Delaware Supreme Court applied a literal interpretation of section 8117, so long as a defendant who at some point could be sued in Delaware is outside of the state and not otherwise subject to service of process in the state, then the applicable statute of limitation is tolled . . . In both *Saudi Basic* [sic] and this case, the nonresident defendant conceivably could be sued in Delaware at some point . . . Therefore, we conclude, **contrary to the analysis of *McCorriston* and [*Chambers*]**, that Delaware courts would apply a literal interpretation of the tolling statute in calculating the limitation period for plaintiff's claim in this case.

*Id.* at 636-37 (emphasis added). The reasoning of *Chambers* and *McCorriston* is unpersuasive and it should not be followed.

Assuming Delaware's statute of limitations applied, it was tolled while Izquierdo was residing outside of Delaware. This would not lead to an "absurd" result, as Izquierdo suggests. Rather than toll the statute indefinitely, the Court can and should find that it is proper to use the statute of limitations of the local forum, here, the Nevada six year limitations period. For this reason, Easy Loan's state law complaint was timely. Reconsideration is proper. The Court should grant Easy Loan's motion to dismiss.

### III. <u>CONCLUSION</u>

The choice of law clause does not expressly call for the application of the procedural law of Delaware, and therefore Nevada's six year statute of limitations

applied to Easy Loan's state court complaint. Even if the Court concludes that Delaware's statute of limitations applied, the Delaware tolling statute would also apply, and thus the action was timely. For each of the foregoing reasons, the Court should reconsider its prior Order denying the motion to dismiss. The motion to dismiss should be granted.

Dated: May 27, 2014

SIMMONDS & NARITA LLP
TOMIO B. NARITA (*pro hac vice*)

By: ___/s/ Tomio B. Narita_____
    Tomio B. Narita
    Attorney for Defendant
    Easy Loans Corporation

PROOF OF SERVICE

I, Tomio B. Narita, hereby certify that:

On May 27, 2014, I caused the foregoing **DEFENDANT EASY LOANS CORPORATION'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION** to be served upon the parties listed below via the Court's Electronic Filing System:

**VIA ECF**:

>David H. Kreiger, Esq.
>Haines & Kreiger, LLC
>5041 N. Rainbow Blvd.
>Las Vegas, Nevada 89130

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on this 27th day of May, 2014

By: ___Tomio B. Narita_____

Tomio B. Narita