UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAMON IZQUIERDO,<br><br>                            Plaintiff,<br>v.<br>EASY LOANS CORP.,<br><br>                           Defendant. | Case No. 2:13-cv-1032-MMD-VCF<br><br>ORDER<br><br>(Def.'s Motion to Reconsider – dkt. no. 20) |

## I. SUMMARY

Before the Court is Defendant Easy Loans Corporation's ("Easy Loans") Motion to Reconsider. (Dkt. no. 20.) The Court has also considered Plaintiff Ramon Izquierdo's ("Plaintiff") opposition and Easy Loans' reply. For the reasons discussed below, the Motion for Reconsideration is denied.

## II. BACKGROUND

This case arises out of alleged violations of the Fair Debt Collections Practices Act. Plaintiff incurred a financial obligation to First USA Bank, N.A. Chase (the "Creditor") for a credit card the Creditor provided to Plaintiff pursuant to a Cardmember Agreement. (Dkt. no. 1 ¶ 1.) The Cardmember Agreement specifically contained a Delaware choice of law provision. (Dkt. no. 8, Ex. 2 at 3.) The choice of law provision reads:

> The terms and enforcement of this agreement and your account shall be governed and interpreted in accordance with Federal law and, to the extent state law applies, the law of Delaware, without regard to conflict-of-law principles. The law of Delaware, where we and your account are located, will apply no matter where you live or use the account.

(*Id.*)

Plaintiff defaulted on the debt in June 2006. (Dkt. no. 1 ¶ 17.) The Creditor either sold, assigned, or transferred the debt to Easy Loans for collection; or, alternatively, the Creditor employed Easy Loans to collect the debt. (*Id.* ¶ 12.)

On November 12, 2012, Easy Loans sued Plaintiff in Las Vegas Justice Court ("Justice Court Complaint"), attempting to collect the debt. (*Id.* ¶ 14.) At the time Easy Loans filed the Justice Court Complaint, Easy Loans knew or should have known that both California and Nevada law time-barred the suit. (*Id.* ¶¶ 19, 21.) Regardless, Easy Loans brought the suit in an attempt to harass Plaintiff into repaying a debt he was no longer responsible to pay. (*Id.* ¶ 23.)

On June 11, 2013, Plaintiff filed this action alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., under multiple sections of the statute, including § 1692d, § 1692e(2, 5, 7, 10), and § 1692f(1). Plaintiff sought actual and statutory damages under § 1692k(a)(1-2).

Easy Loans moved to dismiss the Complaint arguing, among other things, that the Justice Court Complaint was not time-barred under Nevada's six-year statute of limitations for contract claims. In response, Plaintiff argued that California's four-year statute of limitations applied, or alternatively Nevada's four-year statute of limitations for open accounts for goods applied. However, the Court found that Delaware's three-year statute of limitations applied because of the Cardmember Agreement's Delaware choice of law provision. Easy Loans now moves for reconsideration of that determination.

### III.   LEGAL STANDARD

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma*

*GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (*quoting 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977). Additionally, it is not appropriate for a party to raise a new argument on a motion for reconsideration. *See 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

**IV. DISCUSSION**

Easy Loans argues that the Court made an error in its earlier decision and also tries to improperly raise new arguments in its reconsideration motion.

First, Easy Loans argues that the Court's determination that Delaware's statute of limitations applies was incorrect because "neither Plaintiff or (sic) Defendant briefed this issue or raised it as a (sic) argument in the papers." (Dkt. no. 20, at 2.) Easy Loans is wrong. The issue of which state's statute of limitations applied was properly before the

Court. The fact that neither party recognized that the contract contained an explicit Delaware choice of law provision, which is otherwise facially applicable, is of no consequence. Determining which state's statute of limitations applies was a question of law squarely within the purview of this Court and ripe for adjudication. Thus, to the extent that Easy Loans challenges the propriety of the Court's determination that both parties were incorrect, that argument has no merit. The Court is not bound to choose which of two incorrect arguments is less incorrect.

Second, Easy Loans improperly attempts to raise, for the first time in its Motion for Reconsideration, new arguments to support its contention that the Court should have applied Nevada's statute of limitations. These arguments were ripe at the time of Easy Loans' Motion to Dismiss, yet were not raised by Easy Loans. To be sure, Easy Loans was the party to offer the Cardmember Agreement and argued "the subject credit card account was clearly and unequivocally founded upon an instrument in writing." (Dkt. no. 7, at 8.) Easy Loans asserted that Nevada's statute of limitations for contracts applied but offered no argument or explanation *why* Nevada law should apply, rather than Delaware law pursuant to the Cardmember Agreement's choice of law provision. Easy Loans offers no newly discovered evidence, intervening change in the controlling law, or any other reason justifying reconsideration of the Court's prior Order. Instead, Easy Loans now argues, for the first time, that the Court committed clear error in not applying Nevada's statute of limitations and, alternatively, that if Delaware's statute applies, the Court "failed to recognize Delaware's tolling statute." (Dkt. no. 20, at 2.)

The Court need not consider these new arguments because they are raised improperly on a reconsideration motion. However, in the interest of judicial efficiency and justice, the Court considers Easy Loans' new arguments and again determines that, based on the assumed true allegations of the Plaintiff's Complaint, Easy Loans' underlying Justice Court Complaint was time-barred under Delaware law.

The analysis of Easy Loans' challenge hinges on two successive inquiries: (1) under Nevada's choice of law statutes, does Delaware's limitations period apply? and (2)

if Delaware's limitation period applies, does Delaware's tolling statute toll that period until defendant becomes subject to service of process in Delaware? The Court finds that Delaware's limitations period applies and is not tolled.

### A.  Nevada's Choice of Law Statutes

Federal courts must apply the choice of law rules of the forum state. *See Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005). Generally, Nevada follows the Restatement (Second) of Conflict of Laws (1971) in determining choice-of-law questions involving contracts. *See Progressive Gulf Ins. Co. v. Faehnrich*, 130 Nev. Adv. Op. 19, 2014 WL 1258808 *2 (Nev. Mar. 27, 2014) (*citing Ferdie Sievers & Lake Tahoe Land Co. v. Diversified Mortgage Investors*, 603 P.2d 270, 273 (Nev. 1979) (applying Restatement (Second) of Conflict of Laws § 187 to a contractual choice-of-law clause).

Under the Restatement (Second) of Conflict of Laws ("Restatement"), "[a]n action will be maintained if it is not barred by the statute of limitations of the forum, even though it would be barred by the statute of limitations of another state," with few exceptions. Restatement (Second) of Conflict of Laws § 142. However, where a contract includes a choice of law provision, "[t]he validity of a contractual provision limiting the time in which an action may be brought under the contract is determined by the law selected by application of" Restatement sections 187 and 188, not section 142. *See id.* at cmt. C relating to contractual provisions.

Under Restatement section 187, the parties' choice of law encompasses *any* issue "the parties *could have* resolved by an explicit provision in their agreement directed to that issue." Restatement (Second) of Conflict of Laws § 187 (emphasis added). This broad recognition of Nevada law allows parties to contractually agree to shorter limitations periods. *Holcomb Condo. Homeowners' Ass'n, Inc. v. Stewart Venture*, 300 P.3d 124, 128 (Nev. 2013). Allowing a shorter limitations period stems from Nevada's long-recognized public "interest in protecting the freedom of persons to contract." *Hansen v. Edwards*, 426 P.2d 792, 793 (1967).

Moreover, Nevada's choice-of-law principles permit parties "within broad limits to choose the law that will determine the validity and effect of their contract," so long as "the parties acted in good faith and not to evade the law of the real situs of the contract." *Progressive Gulf Ins. Co.*, 130 Nev. Adv. Op. 19, 2014 WL 1258808 *2. "The situs fixed by the agreement, however, must have a substantial relation with the transaction, and the agreement must not be contrary to the public policy of the forum." *Id.* Accordingly, under Restatement § 187, the Court must determine (1) whether the parties could choose Delaware's shorter statute of limitations, (2) whether the parties acted in good faith in choosing Delaware as the situs, (3) whether Delaware has a substantial relation to the transaction, and (4) whether applying Delaware's statute of limitations is contrary to Nevada's public policy.

Here, Nevada law and public policy favor applying Delaware's statute of limitations. First, because the parties *could have* resolved the statute of limitations issue by an explicit provision in the agreement to address limitations periods, Delaware's choice of law would encompass the issue. Restatement (Second) of Conflict of Laws § 187; *Holcomb Condo. Homeowners' Ass'n, Inc. v. Stewart Venture*, 300 P.3d 124, 128 (Nev. 2013). Second, there is no evidence the parties acted in anything other than good faith in selecting Delaware as the governing law. In fact, Easy Loans concedes that Delaware law would govern substantive contractual matters. (Dkt. no. 20, at 6.) Third, Delaware has a substantial relation to the transaction because First USA Bank, N.A. Chase and the account were located in Delaware. (Dkt. no. 8, Ex. 2 at 3.) Fourth, applying Delaware's statute of limitations supports Nevada's long-recognized public interest in protecting the freedom to contract. *Hansen v. Edwards*, 426 P.2d 792, 793 (1967). In fact, extending the limitations period to Nevada's six-year limit would act to nullify the parties' valid and enforceable contractual choice of Delaware law, which would run directly contrary to stated Nevada public policy. Accordingly, Nevada would honor the Delaware choice of law provision as applied to the statute of limitations.

///

The Court now turns to Easy Loans' arguments. Relying on Restatement section 142, Easy Loans contends that Nevada law should apply to the contract's procedural matters, such as the statute of limitations. *See* Restatement (Second) of Conflicts § 142(2). However, Restatement section 142 is inapplicable because there is a facially valid contractual provision choosing Delaware law as the governing law. Instead, Restatement sections 187 and 188 apply. *Id.* at cmt. C.

Next, Easy Loans relies on *Des Brisay v. Goldfield Corp.*, 637 F.2d 680, 682 (9th Cir. 1981), to argue that Delaware's statute of limitations does not apply because the parties did not clearly express their intent to use Delaware's procedural laws. However, *Des Brisay* is inapplicable because it involved federal securities law, which mandates the federal court to apply the statute of limitations of the state in which the federal court sits. *Des Brisay*, 637 F.2d at 682. The underlying Justice Court case does not default to Nevada's statute of limitations because it does not involve a federal securities case. Instead, the Court has engaged in the proper Restatement section 187 conflict of laws analysis, which, as discussed above, would mandate application of Delaware's statute of limitations.

Moreover, further relying on *Des Brisay*, Easy Loans points to Nevada's "borrowing statute" as "legislative codification of its public policy." (Dkt no. 20, at 6). The "borrowing statute" limits actions that arise in another state to the limitations period of that state. NRS § 11.020. Easy Loans posits that the corollary to this rule is that if the cause of action arises in Nevada, Nevada would apply its own statute of limitations. Easy Loans proffers that under Nevada law "the cause of action on an obligation accrues in the place where the defendant resided when the obligation came due." *Alberding v. Brunzell*, 601 F.2d 474, 477 (9th Cir. 1979). Therefore, Easy Loans submits that because Plaintiff resided in Nevada at the time of the breach, Nevada would apply its own statute of limitations. This argument is flawed for several reasons. First, it hinges on the applicability of Restatement section 142, which, as discussed above, is irrelevant in light of the contractual choice of law provision. Rather, Restatement section 187 controls

and demands the conclusion that Delaware law — not Nevada law — applies to the statute of limitations issue. Second, Easy Loans' argument would nullify the parties' express choice of law provision providing for Delaware law to apply. Moreover, even assuming Restatement section 142 was implicated here and *Alberding* would apply in a case where there is an express choice of law selection,[1] Easy Loans has offered no evidence whatsoever, and there is no evidence in the docket, to show that Plaintiff resided in Nevada when the obligation came due. (Dkt. no. 20, at 6.) Additionally, it would be improper for the Court to consider this type of evidence on a motion to reconsider a motion to dismiss without converting it to one for summary judgment. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007).

Easy Loans seeks reconsideration of this Court's determination that Delaware's statute of limitations would apply to the Justice Court Complaint but offers no valid reason to revisit the prior Order, or any fact or law of a "strongly convincing nature" to support its request. Therefore, the applicable statute of limitations is that of Delaware, which limits contracts causes of action to three years.

  **B. Tolling**

Easy Loans urges the Court to find that Delaware's tolling statute should apply to this case because Plaintiff did not reside in Delaware and was not subject to service of process in Delaware. Easy Loans' argument would lead to the absurd result of indefinitely tolling the statute of limitations for any debt collection action premised on a Delaware choice-of-law provision where, as here, a debt collector sued a non-Delaware resident in his home state, where he could be sued under the applicable contract, and not in Delaware, where the action could not have been brought.

///

---

[1] At least one court has found that "[a]lthough § 11.020 might apply in a case in which the contract did not contain a choice of law provision, here the parties contractually agreed that [Delaware] law would apply. Extending the limitations period under § 11.020 would nullify the parties' valid and enforceable contractual choice of [Delaware] law." *See DeLeon*, No. 2:11-cv-01028-PMP-NJK, 2013 WL 1907786 at *7.

Under Delaware law, contract claims are subject to a three-year statute of limitations. 10 Del. C. § 8106. Delaware law also contemplates situations where it would be equitable to toll the applicable statute of limitations. 10 Del. C. § 8117. Delaware's non-resident tolling statute provides, in part, that if a cause of action accrues when a person is out of the state, then the applicable statute of limitations will toll until "after such person comes into the State in such manner that by reasonable diligence, such person may be served with process." 10 Del. C. § 8117:

Delaware courts have interpreted this statute to toll "the statute of limitations . . . until the defendant becomes amenable to service of process." *Saudi Basic Indus. Corp. v. Mobil Yanbu Petrochemical Co., Inc.*, 866 A.2d 1, 18 (Del. 2005) (citing *Hurwitch v. Adams*, 155 A.2d 591, 593 (Del. 1959) and *Brossman v. FDIC*, 510 A.2d 471, 472-73 (Del.1986)). However, Delaware law "has no tolling effect on the applicable statute of limitations when the defendant in the suit is subject to personal or other service to compel his appearance."[2] *Hurwitch v. Adams*, 155 A.2d 591, 593, 594 (Del. 1959) (reasoning that applying the tolling statute to any non-resident defendant, regardless of the availability of service "would result in the abolition of the defense of statutes of limitation in actions involving non-residents"). *But see Saudi Basic*, 866 A.2d at 18 (explaining that the purpose of the tolling statute is to toll "the statute of limitations as to defendants who, at the time the cause of action accrues, are outside the state and are not otherwise subject to service of process in the state.").

Against this backdrop, courts applying facts similar to those presented here have declined to adopt a reading of the tolling statute that would allow for indefinite tolling for non-resident defendants. *See McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268 (M.D.Fla. 2008); *see also Resurgence Financial, LLC v. Chambers*, 173 Cal. App. 4th Supp. 1 (Cal. App. Super. 2009). *But see CACV of Colorado, LLC v. Stevens*, 274 P.3d 859 (Or. App. 2012), *see also Unifund CCR Partners v. Sunde*, 260 P.3d 915, 922-23

---

[2] In 1959, when Delaware's Supreme Court decided *Hurwitch*, the statute, in substantially similar form, was numbered § 8116.

(Wash. App. Div. 2 2011). For example, in *McCorriston*, the court refused an interpretation of the tolling statute that would result in the indefinite tolling of "lawsuits filed in states other than Delaware, notwithstanding that those lawsuits were filed against account holders who were never in Delaware, but who are subject to service in the state in which the suit was filed." *McCorriston*, 536 F.Supp.2d at 1276. The *McCorriston* court rejected the "illogical and unreasonable result" indefinite tolling would cause by injecting "inherent ambiguity" into the statute and effectively abolishing the statute-of-limitation defense for nonresident defendants. *Id.* at 1276-77.

In *Resurgence Financial*, the court likewise considered that the purpose of the tolling statute was "to protect persons seeking to file suit in *Delaware* from defendants who have made filing suit in *Delaware* difficult or impossible." *Resurgence*, 173 Cal. App. 4th Supp. at 5 (emphasis in original). Recognizing that there was no reason for the Delaware Legislature to extend the statute of limitations for cases that *were not and could not* be filed in Delaware, the court "reasonably read [the tolling statute] to apply only to actions that are actually filed in a Delaware court or actions that could have been filed in a Delaware court." *Id.* at 6.

Conversely, some courts have interpreted Delaware's statute of limitations to be tolled so long as a defendant could "at some point [] be sued in Delaware." *CACV*, 274 P.3d at 867; *see Unifund CCR Partners v. Sunde*, 260 P.3d 915, 922-23 (Wash. App. Div. 2 2011) (reasoning that unless and until a Delaware court could exercise personal jurisdiction over the defendant, the statute would allow tolling). In light of this interpretation, both the *CACV* and *Unifund* courts applied Oregon's and Washington's statute of limitations, respectively, invoking both states' adoption of the Uniform Conflicts of Law Limitations Act (UCLLA) and its "escape clauses" precisely "to avoid the 'absurd' result of a claim surviving in perpetuity or the abolition of a statute of limitations affirmative defense." *Unifund*, 260 P.3d 915 at 925; *see also* Or. Rev. Stat. § 12.410; Wash. Rev. Code § 4.18.010. Both the *CACV* and *Unifund* courts distinguished *McCorriston* and *Resurgence Financial* because "neither court could take advantage of

the UCLLA's 'escape clause'." *CACV*, 274 P.3d at 867 n.12; *Unifund*, 260 P.3d 915 at 925.

Here, among other arguments, Easy Loans contends that this Court should allow indefinite tolling, following the analyses in *CACV* and *Unifund*. This argument is unavailing. As a preliminary matter, for the same reason that *CACV* and *Unifund* were distinguishable from *McCorriston* and *Resurgence Financial*, this case is distinguishable from *CACV* and *Unifund*. Whereas the *CACV* and *Unifund* courts could and did rely on the UCLLA's "escape clause" to prevent the unjust result of an indefinite tolling period, this Court cannot do the same because Nevada has not adopted the UCLLA. *See Unifund*, 260 P.3d 915 at 923 n. 5 (listing states that have adopted the UCLLA). Moreover, it should be noted that neither the *CACV* nor the *Unifund* Court allowed the indefinite tolling Easy Loans requests. To be sure, despite their syllogistic reasoning that Delaware law would allow indefinite tolling, neither the *CACV* nor the *Unifund* Court ultimately allowed indefinite tolling precisely because it "indisputably imposes an unfair burden on defendant in defending against the claim," *CACV*, 274 P.3d at 868, and creates the "'absurd' result of a claim surviving in perpetuity or the abolition of a statute of limitations affirmative defense." *Unifund*, 260 P.3d 915 at 925. In fact, courts outside of Delaware have declined to apply Delaware's tolling statute to allow for indefinite tolling. *See also Lehman Brothers Holdings, Inc. v. First Cal. Mort.*, No. 13-cv-02113-CMA-KMT, 2014 WL 1715120 *4 (D. Colo. Apr. 30, 2014) (declining to apply Delaware's tolling statute because it would lead to an absurd result); *Portfolio Recovery Assoc., LLC v. King*, 927 N.E.2d 1059, 1062 (Ct. App. N.Y. 2010) (declining to apply Delaware's tolling statute reasoning it "was meant to apply only in a circumstance where the defendant had a prior connection to Delaware, meaning that the tolling provision envisioned that there would be some point where the defendant would return to the state or where the plaintiff could effect service on the defendant to obtain jurisdiction.").

Thus, this Court agrees with the reasoning of the courts in *McCorriston* and *Resurgence Financial*. *McCorriston* and *Resurgence Financial* reasonably read 10 Del.

C. § 8117 to apply only to actions that are actually filed in a Delaware court or actions that could have been filed in a Delaware court. Here, the lawsuit was not and could not have been filed in Delaware. Under federal law, the *only venues* in which Easy Loans could have sued Plaintiff is in the county where the Cardmember Agreement was signed, which presumably is California, or where Plaintiff currently resides, which is Nevada. *See* 15 U.S.C. § 1692i(a)(2). Thus, Plaintiff could not be sued in Delaware unless and until he moved to Delaware. *See id.* Easy Loans offers no explanation as to why Plaintiff could not have been served where he resided, either in California or Nevada, within the three-year statute of limitations.

Adopting Easy Loans' construction of Delaware's tolling statute would create the absurd results of abolishing the defense of statutes of limitation in actions involving any Delaware non-resident sued in another state, and of allowing indefinite tolling to permit a claim to survive in perpetuity. Easy Loans' reading would also impose unfair burdens on defendants in defending against those claims. For those reasons, the Court finds Easy Loans' arguments unpersuasive. The Court holds that Delaware's tolling statute does not apply to the underlying Justice Court Complaint.

## V.  CONCLUSION

It is therefore ordered that Defendant Easy Loans Corporation's Motion to Reconsider (dkt. no. 20) is denied.

DATED THIS 18th day of June 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE