ROBERT QUALEY
Dotson & Qualey
2320 Paseo Del Prado, B 205
Las Vegas, NV 89102
(702) 474-667
rqualey@qualeylawfirm.com

TOMIO B. NARITA (pro hac vice)
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104
(415) 283-1010
tnarita@snllp.com

Attorneys for Defendant
Easy Loans Corporation

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| RAMON IZQUIERDO,<br><br>Plaintiff,<br><br>vs.<br><br>EASY LOANS CORPORATION; and DOES 1-10, inclusive,<br><br>Defendants. | ) | Case No. 2:13-cv-01032-RBF-VCF<br><br>**STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56-1 IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Local Rule 56-1 of this Court, defendant Easy Loans Corporation ("Easy Loans") hereby submits this Statement of Undisputed Facts in support of its Motion for Summary Judgment:

| | **UNDISPUTED FACT** | **EVIDENCE IN SUPPORT** |
|---|---|---|
| 1. | While plaintiff Ramon Izquierdo ("Izquierdo") was living and working in Los Angeles, Izquierdo opened a credit card account issued by Chase Bank USA, N.A. (the "Account") at a Toys R Us store located there. | Declaration of Tomio B. Narita in Support of Defendant Easy Loans Corporation's Opposition to Plaintiff's Motion for Summary Judgment (Doc. No. Doc. No. 34-2) (hereinafter referred to as "Narita Decl.") at ¶ 5, Ex. F [Deposition of Ramon Izquierdo ("Izquierdo Depo.") at pp. 20:20-22:2] (Doc. No. 34-3). |
| 2. | Izquierdo received a copy of a Chase card member agreement when he opened the Account, but he did not retain a copy, nor does he have any idea what terms and conditions actually apply to the Account. | Narita Decl. at ¶ 5, Ex. F [Izquierdo Depo. at pp. 21:9-22:18, 39:9-41:6] (Doc. No. 34-3). |
| 3. | Easy Loans does not know whether the card member agreement that was considered by the Court in connection with the motion to dismiss is the agreement that applies to the Account. | Narita Decl. at ¶ 6, Ex. G [Deposition of Rance Wiley ("Willey Depo.") at pp. 96:18-97:13, 99:6-101:4] (Doc. No. 34-3); Narita Decl. at ¶ 8, Ex. L [Deposition corrections of Rance Willey ("Willey Depo. Corrections") at p. 100:15.] (Doc. No. 34-5) |
| 4. | Izquierdo received monthly statements from Chase, he read them and he never disputed any of the charges. | Narita Decl. at ¶ 5, Ex. F. [Izquierdo Depo. at p. 20:7-19] (Doc. No. 34-3). |
| 5. | In 2008, Izquierdo stopped making payments on the Account. | Narita Decl. at ¶ 5, Ex F [Izquierdo Depo. at pp. 22:20-23:23] (Doc. No. 34-3); Narita Decl. at ¶ 7, Ex. I [Plaintiff's Response to Defendant's Request for Admission ("RFA") No. 1] (Doc. No. 34-4); *id*. at ¶ 7, Ex. H [Plaintiff's Response to Defendant's Interrogatory ("Rog") No. 8]. |
| 6. | The last payment made on the Account was on April 3, 2008. | Narita Decl. at ¶ 5, Ex. F [Izquierdo Depo. at p. 26:5-24] (Doc. No. 34-3). |

| | | |
|---|---|---|
| 7. | In about July of 2008, Izquierdo moved to Nevada, and he has resided here continuously since that time. He has been back to California intermittently, for periods totaling no more than 30 days. | Narita Decl. at ¶ 5, Ex. F [Izquierdo Depo. at pp. 28:20-30:24] (Doc. No. 34-3). |
| 8. | Izquierdo has no knowledge of how he used the Account, the purpose of any of the charges or when the charges were made. Nor does he can he identify any dates he used the card to make purchases on the Account, anything he bought, or whether he took cash advances. If he did take case advances, he has no memory of how the funds were used. | Narita Decl. at ¶ 5, Ex. F [Izquierdo Depo. at pp. 19:18-20:6] (Doc. No. 34-3). |
| 9. | Izquierdo has no documents or information evidencing how he used the Account, what was purchased or for what purpose. | Narita Decl. at ¶ 7, Ex. J [Plaintiff's Response to Defendant's Document Requests No. 1-10] (Doc. No. 34-5); *id*. at ¶ 7, Ex. K [Plaintiff's Initial Disclosures]; Narita Decl. at ¶ 7, Ex. H [Plaintiff's Response to Defendant's Rog No. 2] (Doc. No. 34-4 ). |
| 10. | Easy Loans has no information regarding how any charges were incurred and has no knowledge of whether the unpaid balance on the Account is a "debt" subject to the FDCPA. | Narita Decl. at ¶ 3, Ex. B [Defendant's Response to Plaintiff's RFAs No. 4-5, 8] (Doc. No. 34-2). |
| 11. | Izquierdo defaulted on the Account at it was subsequently sold to Easy Loans. | Narita Decl. at ¶ 3, Ex. B. [Defendant's Response to Plaintiff's RFA No. 9] (Doc. No. 34-2). |
| 12. | Easy Loans used to purchase defaulted accounts from creditors, but no longer does. | Narita Decl. at ¶ 6, Ex. G. [Willey Depo. at pp. 34:3-8] (Doc. No. 34-3). |
| 13. | Easy Loans, however, has no employees, does not engage in any collection activity and has no "day-to-day operations." | Narita Decl. at ¶ 6, Ex. G. [Willey Depo. at pp. 39:13-40:15] (Doc. No. 34-3); Narita Decl. at ¶ 8, Ex. L [Willey Depo. Corrections at pp. 39:25, 40:4] (Doc. No. 34-5). |
| 14. | Izquierdo did not receive any communications from Easy Loans. | Narita Decl. at ¶ 5, Ex. F. [Izquierdo Depo. at p. 32:12-21] (Doc. No. 34-3). |

| | | |
|---|---|---|
| 15. | Easy Loans turned over the Account to a law firm and subsequently to Troy Capital, LLC. Easy Loans was a passive debt buyer. | Narita Decl. at ¶ 6, Ex. G. [Willey Depo. at pp. 29:4-18, 34:17-36:23, 47:8-48:8] (Doc. No. 34-3); Narita Decl. at ¶ 8, Ex. L [Willey Depo. Corrections at pp. 29:13, 15, 34:18, 25, 35:11] (Doc. No. 34-5). |
| 16. | Troy Capital eventually placed the Account with the law firm of Miles, Bauer, Bergstrom & Winters, LLP for collection. | Narita Decl. at ¶ 6, Ex. G. [Willey Depo. at p. 47:2-16] (Doc. No. 34-3). |
| 17. | Troy Capital authorized the filing of lawsuit entitled Easy Loans Corp. v. Ramon Izquierdo, In the Las Vegas Township Justice Court, County of Clark, State of Nevada, Case No. 12 C026755 (the "State Court Action"). | Narita Decl. at ¶ 6, Ex G. [Willey Depo. at pp. 73:3-7, 89:19-90:1, 91:16-18] (Doc. No. 34-3). |
| 18. | The claims alleged in the complaint filed in the State Court Action are founded upon an instrument in writing. | Narita Decl. at ¶ 7, Ex. I. [Plaintiff's Response to Defendant's RFA No. 9] (Doc. No. 34-4). |
| 19. | Izquierdo agreed to waive his claim under section 1692e(7) of the FDCPA. | Narita Decl. at ¶ 7, H. [Plaintiff's Response to Defendant's Rog No. 14] (Doc. No. 34-4). |

Dated: October 21, 2014

SIMMONDS & NARITA LLP
TOMIO B. NARITA (*pro hac vice*)

By: ___/s/ Tomio B. Narita ______
Tomio B. Narita
Attorney for Defendant
Easy Loans Corporation