ROBERT QUALEY
Dotson & Qualey
2320 Paseo Del Prado, B 205
Las Vegas, NV 89102
(702) 474-667
rqualey@qualeylawfirm.com

TOMIO B. NARITA (pro hac vice)
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104
(415) 283-1010
tnarita@snllp.com

Attorneys for Defendant
Easy Loans Corporation

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RAMON IZQUIERDO, <br><br> Plaintiff, <br><br> vs. <br><br> EASY LOANS CORPORATION; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 2:13-cv-01032-RBF-VCF <br><br> **OBJECTION AND MOTION TO STRIKE PLAINTIFF'S REPLY DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT [DOC. NO. 37-1]** |

Defendant Easy Loans Corporation ("Easy Loans") hereby objects and moves to strike the Declaration of Ramon Izquierdo ("Izquierdo") (Doc. No. 37-1) filed with the Reply in support of Plaintiff's Motion for Summary Judgment (Doc. No. 37).

I. **INTRODUCTION**

Izquierdo failed to submit evidence in support of his Motion for Summary Judgment (Doc. No. 33) to prove an essential element of his claim – *i.e.*, that his Chase Bank, USA, N.A. account at issue (the "Account") qualifies as a "debt" under the FDCPA[1]. At his deposition, he testified he has no knowledge of the charges on the Account. His discovery responses also offered no facts showing that the balance of the Account qualifies as a "debt." Now, after Easy Loans opposed his summary judgment motion on this basis, he attempts to submit new evidence with his declaration, and he now claims to remember specific purchases he made on the Account. This new evidence is improper and should be stricken.[2]

First, the declaration is an improper attempt to sandbag Easy Loans. It was Izquierdo's burden to submit admissible evidence with his opening papers to show that the unpaid charges on the Account were incurred "primarily for personal, family or household use." He offered nothing, relying instead on a one sentence allegation in his Complaint that parrots the language of the FDCPA. This is not evidence. His new alleged evidence about how and why the charges were incurred was relevant and in his possession at the time he moved for summary judgment. He is not permitted to lay in wait to spring this evidence on Easy Loans in his reply.

Second, his declaration is a "sham" affidavit and should be stricken. He had multiple opportunities, in his responses to written discovery, at his deposition or in a

---

[1] Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

[2] A motion to strike new evidence submitted in connection with a reply brief is proper. *See Linder v. Ford Motor Co.*, 2012 WL 3598269, *2 (D. Nev. Aug. 17, 2012) (granting motion to strike evidence submitted in support of reply brief); *Pacquiao v. Mayweather*, 2012 WL 3271961, *1 (D. Nev. Aug. 13, 2010) (same).

declaration with his moving papers, to provide facts identifying charges that make up the unpaid balance of the Account. He failed to do so. He testified at his deposition that he did not remember how he used the Account, and never submitted any corrections to his deposition transcript. His new declaration, which purports to identify specific items that he purchased with his card, flatly contradicts his early testimony. The Court should not consider it.

## II.  ARGUMENT

### A.  Izquierdo Submitted No Evidence Showing The Account Qualifies As A Debt Under The FDCPA In His Moving Papers And Is Therefore Barred From Doing So In His Reply

Izquierdo has the burden of proving through admissible evidence that the unpaid charges on the Account qualify as a "debt" under the FDCPA. *See* 15 U.S.C. § 1692a(5); *Middleton v. Plus Four, Inc.*, 2014 WL 910351, *2 (D. Nev. Mar. 7, 2014). Summary judgment should be entered in favor of Easy Loans if he cannot. *See Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir. 2004) ("Because not all obligation to pay are considered debts under the FDCPA, a threshold issue in a suit brought under the Act is whether or not the dispute involves a 'debt' within the meaning of the statute"). Izquierdo elected to submit **no** evidence on this issue in support of his summary judgment motion. He cannot now submit with his reply, evidence that was available to him and relevant when he filed the motion. This is improper and would prejudice Easy Loans.

When he filed his motion, he relied on a one sentence allegation in his Complaint that states "[t]he Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a 'debt' under 15 U.S.C. § 1692a(5)." *See* Doc. No. 33 at p. 7:17-19; Doc. No. 1 at ¶ 9. This sentence merely parrots the language of the statute and is therefore not evidence. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Community College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996). As the Ninth

IZQUIERDO v. EASY LOANS CORPORATION (CASE NO. 2:13-cv-01032-RBF-VCF)
OBJECTION AND MOTION TO STRIKE PLAINTIFF'S REPLY DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT [DOC. NO. 37-1]

2

Circuit explained: "[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact" on summary judgment. *Soremekun*, 509 F.3d at 984.  By failing to submit evidence on this threshold issue with his moving papers, he has not carried his burden.[3]

After Easy Loans pointed this out, Izquierdo filed a reply declaration in which he suddenly recalls numerous items he did and did not purchase.  *See* Doc. No. 37-1.  The purported evidence comes too late.  He was required to submit all evidence he had to support his motion with his moving papers.  *See, e.g., Southern Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (movant has the burden of establishing "beyond controversy **every essential element** of its" claim) (emphasis added); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (movant "must establish beyond peradventure **all** of the essential elements of the claim or defense to warrant judgment in his favor) (emphasis in original).  He was not permitted to withhold evidence so he could sandbag Easy Loans with it in his reply.  Courts in this District have routinely struck evidence when litigants engage in this tactic.  *See Linder v. Ford Motor Co.,* 2012 WL 3598269, *2 (D. Nev. Aug. 17, 2012); *Pacquiao v. Mayweather*, 2012 WL 3271961, *1 (D. Nev. Aug. 13, 2010).

*Linder* is instructive.  There, defendant obtained summary judgment and plaintiff moved for reconsideration.  *See Linder,* 2012 WL 3598269 at * 1.  In the reply, the plaintiff submitted new evidence not previously filed with his moving papers.  *Id*.  The court granted the defendant's motion to strike the new evidence and refused to consider it.  *Id*. at *2.  There was no indication that the evidence was "newly discovered" so that it could not have been submitted with the plaintiff's moving papers, therefore it was improper to consider it with a reply.  *Id*.

Similarly, in *Pacquiao*, the plaintiff moved to strike evidence attached to the defendant's reply in support of his motion to dismiss.  *Pacquiao*, 2012 WL 3271961

---

[3] *See* Doc. No. 34, 6:1-11:8.

IZQUIERDO v. EASY LOANS CORPORATION (CASE NO.  2:13-cv-01032-RBF-VCF)
OBJECTION AND MOTION TO STRIKE PLAINTIFF'S REPLY DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT [DOC. NO. 37-1]

3

at *1.  The plaintiff argued the evidence was improper because it was available to defendant when the motion was filed.  *Id*.  The court agreed and struck the evidence.  *Id*.  The evidence was relevant to the motion to dismiss and available at the time the motion was filed, so waiting to submit the evidence with the reply was improper.  *Id*.

Izquierdo was required to submit evidence showing the charges on the Account constitute a "debt" under the FDCPA with his moving papers, but he failed to do so.  This was a "threshold" issue to his motion and the evidence he now seeks to rely on his reply was certainly available to him.  His declaration should be stricken.

**B.    Izquierdo's Reply Declaration Should Be Stricken Because It Contradicts His Harmful Deposition Testimony And Responses To Written Discovery**

Izquerido's declaration contradicts his deposition testimony and sworn discovery responses, in which he could not provide any information about the unpaid charges that make up the Account.  He had multiple opportunities to provide this evidence, but failed to do so.  He cannot now obtain summary judgment by providing contradictory testimony.

The "sham affidavit" rule prevents a party from creating an issue of fact by a declaration that contradicts his or her own deposition or other sworn testimony.  *See Yeager v. Bowlin*, 693 F.3d 1076, 1080-81 (9th Cir. 2012) (affirming order striking declaration contradicting deposition testimony that he could not remember relevant facts); *see also Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 806 (1999) (every federal circuit has a "sham affidavit" rule).  The rule is necessary because it maintains the integrity of the summary judgment procedure, which is "an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  As the Ninth Circuit has explained the rule:

> This sham affidavit rule prevents a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.

IZQUIERDO v. EASY LOANS CORPORATION (CASE NO. 2:13-cv-01032-RBF-VCF)
OBJECTION AND MOTION TO STRIKE PLAINTIFF'S REPLY DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT [DOC. NO. 37-1]

4

1  *Yeager*, 693 F.3d at 1080 (citations and quotations omitted).  A district court may
2  strike a declaration as a sham if the declarant suddenly recalls facts he previously
3  could not remember during deposition.  *Id*. ("[s]everal of our cases indicate that a
4  district court may find a declaration to be a sham when it contains facts that the affiant
5  previously testified he could not remember.").
6       Izquierdo has had multiple opportunities throughout this litigation to identify
7  **facts** showing the Account qualifies as a debt under the FDCPA.  He failed to do so.
8  His Complaint did nothing more than quote the definition of a "debt" under the
9  statute.  *See* Doc. No. 1 at ¶ 9.  In response to Easy Loans interrogatory that asked for
10 all facts showing the Account is a "debt," Izquierdo did not provide any.  Instead, he
11 objected and quoted the same boilerplate allegation from his Complaint.  *See* Doc. No.
12 34-4 at Ex. H, Interrogatory No. 2.
13      At his deposition, he had no memory of when he made purchases on the
14 Account, what those purchases were or whether he ever took case advances.  *See* Doc.
15 No. 34-3 at Ex. F, 19:18-20:6.  When Easy Loans' counsel asked him what he might
16 have used cash advances to purchase he testified: "I don't remember."  *Id*. at 20:3-6.
17 His attorney did not ask him any follow up questions to clarify any of his answers (*Id*.
18 at 41:17-21), nor did Izquierdo make any changes to this portion of his deposition
19 transcript when given an opportunity to do so.  He then moved for summary judgment
20 without submitting any declaration or other evidence describing the nature of the
21 Account.  Izquierdo had four opportunities (his written discovery responses, his
22 deposition, corrections to his deposition transcript and his summary judgment papers)
23 to describe the nature of the charges that make up the Account.
24      Suddenly, after reading Easy Loans opposition to his motion, he now
25 remembers numerous details about the Account.  For example, he now knows that he
26 did not use the Account for business purposes or a number of other purchases that are
27 not debts under the FDCPA.  *See* Doc. No. 37-1.  He also now remembers that
28 purchases or any cash advances he took were used for "day to day necessities, food,

IZQUIERDO v. EASY LOANS CORPORATION (CASE NO.  2:13-cv-01032-RBF-VCF)
OBJECTION AND MOTION TO STRIKE PLAINTIFF'S REPLY DECLARATION IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT [DOC. NO. 37-1]     5

clothes, gas or other items for personal use." *Id*. at ¶ 12. This directly conflicts with his deposition testimony where he testified he did not know what he used funds from the Account to purchase. *See* Doc. No. 34-3 at Ex. F, 19:18-20:6.

Izquierdo's reply declaration is a sham. He failed to provide any information about the charges in response to Easy Loans' written discovery and then testified at his deposition he could not remember them. He did not correct his testimony when given the opportunity, nor did he file any declaration in support of his motion for summary judgment showing the FDCPA applies to the Account. His sudden recollection of contradictory facts crucial to his claim is a sham and undermines the purpose of summary judgment procedure. The declaration should be stricken.

### III. CONCLUSION

For the foregoing reasons, Easy Loans respectfully requests that the Court enter an Order striking the Declaration of Ramon Izquierdo (Doc. No. 37-1) and all portions of the Reply (Doc. No. 37) that rely on it.

Dated: November 6, 2014

SIMMONDS & NARITA LLP
TOMIO B. NARITA (*pro hac vice*)

By: ___/s/ Tomio B. Narita_____
    Tomio B. Narita
    Attorney for Defendant
    Easy Loans Corporation