David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave.
Las Vegas, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Danny J. Horen
NV Bar No. 13153
danny@kazlg.com
Kazerouni Law Group, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (800) 400-6808x7
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RAMON IZQUIERDO, | Case No.: 2:13-cv-01032-MMD-VCF |
| Plaintiff, | |
| v. | PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| EASY LOANS CORPORATION; and Does 1-10, inclusive, | |
| Defendant. | |

*Kazerouni Law Group, APC*
*Las Vegas, NV*

## I.   INTRODUCTION

This case arises out of Defendant's attempt to use legal process to collect a debt beyond the statute of limitations, in direct violation of the FDCPA. Defendant argues for summary judgment on the basis that 1) no proof exists showing that the alleged debt is a "debt" under the FDCPA; 2) Defendant is not a "debt collector" subject to the FDCPA; and 3) Defendant's illegal collection lawsuit was filed within the statute of limitations. As will be explained fully herein, each of Defendant's arguments fails, as Plaintiff has at a minimum raised a material issue of triable fact. Therefore, Defendant's Motion for Summary Judgment should be denied, as there are triable issues of material fact remaining.

## II.   LEGAL STANDARD

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the nom-moving

Kazerouni Law Group, APC
Las Vegas, NV

Kazerouni Law Group, APC
Las Vegas, NV

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Here, Defendant fails to prove there are no triable issues of material fact, and therefore Defendant's Motion for Summary Judgment must be denied.

**III. PLAINTIFF'S DEBT IS A DEBT AS DEFINED BY THE FDCPA**

Defendant attempts to sidestep liability by arguing Plaintiff's claims do not involve "debts" under the FDCPA. The FDCPA defines the term "debt" as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. §1692a(5)

Notably, Defendant does not argue that Plaintiff is not a "consumer" under the FDCPA. The FDCPA defines a "consumer" as "any natural person obligated or ***allegedly obligated to pay any debt***." 15 U.S.C. § 1692a(3) (emphasis added). On this point alone, it is absurd that Defendant could concede the point that Plaintiff is a consumer in this instance, yet still argue that Plaintiff's alleged debt is not a "debt" under the FDCPA.

As Plaintiff alleges in his Complaint[1] and under the penalty of perjury (*see* Izquierdo Decl., ¶ 8-9), Plaintiff acquired a personal credit card which was primarily for personal, family, or household purposes. Plaintiff acquired the credit

---

[1] Attached as Exhibit 4.

2

card as an employee of Toys-R-Us in California, when he was approached by a Chase representative to open a new credit card. *See* Izquierdo Decl., attached hereto, ¶ 5. Moreover, Plaintiff did not own a business at the time he completed his credit card application, so any information provided on the credit card application was Plaintiff's own personal information and not for business purposes. *Id*. at ¶6. Because Plaintiff had no business or business expenses, any charges incurred were for personal use. *Id*. at ¶7, 9. Plaintiff also never used the credit card to pay any fines, penalties, child support or taxes. *Id.* at ¶8.

Defendant makes much ado about Plaintiff's answer to a question where Defendant asked, "[a]s you're sitting here this afternoon, can you think of any of the specific dates that you actually used that card?" First, the specific dates of use are not an issue to be proven. Second, Plaintiff's Complaint not only sufficiently alleges the card was used for personal, household and/or family purposes, but Plaintiff's declaration further clarifies that issue under the penalty of perjury for the second time. *See id.* at ¶10 ("However, had Mr. Narita asked me if I used the card for personal purchases and consumer items I would have answered "yes," since there are no other purchases which I could have conceivably used the Card for."); *see also id*. at ¶11 ("I am certain that all the Card charges were for my personal and/or household use."); *see also id*. at ¶12, 14 (all use of the Card was for personal use only); *see also id.* At ¶13 ("I would not have taken any cash advances to pay business debts (since I did not have any), fines (since I did not have any), tax

**Kazerouni Law Group, APC**
**Las Vegas, NV**

liabilities (since I did not have unpaid tax liabilities) or child support (since I did not have unpaid child support obligations.").

Thus, it is clear that Plaintiff's use of the Card was for personal, household, and family purposes, rather than for any business obligation, tax payment, fine, or child support obligations. Because the Card was used for personal, household, and family purposes, the alleged debt is in fact a "debt" under the FDCPA. At a minimum, Plaintiff has raised a material issue of triable fact, and Defendant's motion for summary judgment must therefore be denied.

## IV. DEFENDANT IS A DEBT COLLECTOR AS DEFINED BY THE FDCPA

Defendant makes the disingenuous argument that Defendant is not a "debt collector" under the FDCPA. However, such an argument is easily put to bed where Defendant admits to as much in its Answer to Plaintiff's Complaint. *See* Exhibit 6, Defendant's Answer, ¶ 5 ("Defendant admits that it…has, at times, filed suit in order to collect unpaid financial obligations"). Defendant's statement was in direct response to Plaintiff's allegation that Defendant is operating as a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6). There was only one allegation regarding debt collection in Plaintiff's Complaint, ¶ 5, and Defendant admitted to it. The FDCPA defines the term "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

due another.

15 U.S.C. 1692a(6).

Defendant attempts to "pass the buck" here by asserting that Easy Loans is a "passive debt buyer" who simply purchases debts and assigns them for collection, and therefore it is not a "debt collector" under the FDCPA. In support of this, Defendant argues that Defendant has no employees. Def.'s Motion, p. 10, ln. 23. This is patently false, as the CEO of an entity is an employee. Here, Plaintiff deposed Mr. Willey, who is the CEO for Defendant. The facts, and Mr. Willey's testimony, show that Defendant is indeed a debt collector attempting to collect a debt.

First, the definition of a debt collector under the FDCPA includes anyone who regularly "*collects or attempts to collect*, directly *or indirectly*, debts owed or due or asserted to be owed or due another." 15 U.S.C. 1692a(6). (emphasis added). Thus, even if Defendant's argument is taken at face value, Defendant's collection practices do not relieve it from the scrutiny under the FDCPA.

Second, Defendant's argument that its principal business is not debt collection fails. Defendant cites to *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013) in support of this position. But *Schlegel* is distinguishable from the case at bar. In *Schlegel*, the plaintiff failed to properly allege that the defendant, Wells Fargo, fit within the confines of the FDCPA. Here, Plaintiff adequately alleges that the Defendant is operating in Nevada as a "collection agency" in Paragraph 5 of the Complaint, and Defendant admits as

Kazerouni Law Group, APC
Las Vegas, NV

much in its Answer.

The FDCPA applies to debt buyers who engage in debt collection activity. See *Federal Trade Comm'n v. Check Investors, Inc.*, 502 F.3d 159 (3rd Cir. 2007); *see also Hernandez v. Midland Credit Mgmt., Inc.*, 2006 WL 695451 (N.D. Ill. Mar. 14, 2006). Defendant openly admits that it purchased Mr. Izquierdo's account for collection[2] and collects debts and uses attorneys to collect debts Defendant has acquired.[3] Defendant's CEO stated in his deposition that "[o]bviously [Defendant] intended to try to collect this debt, yes."[4] ***Lastly, Easy Loans sued the Plaintiff in an improper debt collection lawsuit to collect the stale debt.*** There can be no doubt that Easy Loans engaged in collection after acquiring the Plaintiff's debt based on the above evidence.

This case is also distinguishable from *Scally v. Hilco Receivables, LLC*, 392 F. Supp. 2d 1036, 1037 (N.D. Ill. 2005) in that Defendant did not simply assign the debt and sit back awaiting remittance from another collection agency. Instead, Defendant was ***the only*** named plaintiff in a direct attempt to collect the alleged debt. *See* Exhibit 1, Defendant's complaint against Plaintiff; *see also* 15 U.S.C. §1692a(2) ("The term "***communication***" means the ***conveying of information regarding a debt*** directly or indirectly ***to any person through any medium***.") (emphasis added); Exhibit 3, *Willey Depo*, at 91:16-21 ("[o]bviously, we intened to

---

[2] Exhibit 3, *Willey Depo*, at 49:9-21 and 77:12-78:6.
[3] Exhibit 3, *Willey Depo*, at 42:11-13.
[4] Exhibit 3, *Willey Depo*, at 91:16-21.

Kazerouni Law Group, APC
Las Vegas, NV

try to collect this debt, yes"). Defendant's argument that this statement is "out of context" is a red herring.  Easy Loans CEO, Mr. Wiley, when directly questioned about whether Defendant intended to collect this alleged debt, answered affirmatively with "Well, we initially filed lawsuits, so obviously, we intended to try to collect this debt, yes." Exhibit 3, *Willey Depo.*, p. 89:19-90:1, 91: 16 16-18. Morevoer, Easy Loans was the sole named plaintiff in the improperly brought time-barred State Court complaint filed against Plaintiff. In *Hilco*, the defendant did not send any letters or communications to the debtors. Here, Defendant initiated contact with Plaintiff through its time-barred complaint. Thus, it is clear that *Hilco* is unlike the case at bar, where Defendant actively filed a lawsuit in attempt to collect a debt from Plaintiff.

However, this case *is* similar to *Pollice v. National Tax Funding, L.P.,* 225 F.3d 379, 405 (3d Cir.2000) (holding that "an entity that is itself a 'debt collector'- and hence subject to the FDCPA-should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf"). More importantly, both entities (the debt collector and its servicing agent) were limited partnerships that shared a common general partner. The court in *Pollice* had this to say:

> In light of the general partner's role in managing the affairs of the partnership, we see no reason why the general partner should not be responsible for conduct of the partnership which violates the FDCPA. Liability for the general partner is particularly appropriate under the facts of this case- NTF has no employees, app. at 514, and accordingly we presume that its actions are taken through the personnel of CAH. Indeed, an officer of CAH executed the Purchase Agreements on behalf of NTF, as well as the Servicing Agreements

Kazerouni Law Group, APC
Las Vegas, NV

on behalf of CARC. *See* app. at 540, 874, 906, 1113. Accordingly, we conclude that CAH may be held liable for any conduct of NTF and CARC which violated the FDCPA.

*Id*.

Thus, if Defendant's argument that it has no employees is taken as true, Easy Loans is still a debt collector liable for the actions of another in attempt to collect a debt. Simply put, no matter how Defendant is viewed in this instance, Easy Loans is a "debt collector" under the FDCPA. Because Plaintiff has raised a material issue of triable fact, Defendant's motion for summary judgment must be denied.

## V. DEFENDANT'S ILLEGAL COLLECTION LAWSUIT WAS NOT FILED WITHIN THE APPLICABLE STATUTE OF LIMITATIONS

This Court has already determined that the three-year statute of limitations under Delaware choice-of-law approach applies here. *See* Exhibit 2, Order Denying Defendant's Motion to Dismiss [Dkt. No. 7]. Plaintiff is at a loss, as Defendant submitted the card agreement in question, seeking judicial notice from this Court in support of Defendant's Motion to Dismiss. *See* Exhibit 5, Request for Judicial Notice ("Attached as Exhibit "B" is the credit card agreement between Ramon Izquierdo and Chase Bank, N.A."). This Court obliged, Defendant's motion to dismiss was denied, and now Defendant seeks to ignore the applicable card agreement used in determining the application of the three-year statute of limitations.

Moreover, this Court specifically used the terms of the card agreement in handing down the Order Denying Defendant's Motion to Dismiss. ("The

Cardmember Agreement, which forms the basis of Easy Loans' contract claim in the Justice Court Complaint, specifically contains a Delaware choice of law provision. (internal citations omitted)…Thus, applying the Delaware statute of limitations, Easy Loans' Justice Court Complaint was time-barred and this argument fails.") Exhibit 2, Dkt. No. 7, p. 4, ln. 21 – p. 5, ln. 4. Defendant asking this Court to reject a document and prior determination that the three-year statute of limitations, based on a document submitted by Defendant in support of its position in a previous motion would be absurd, as this Court already took judicial notice and used the Cardmember Agreement in deciding the three-year statute of limitations applies in relation to Defendant's time-barred state court complaint. That the document no longer serves a purpose beneficial to Defendant's position is of no consequence.

### 1. The Three-Year Statute of Limitations Applies

Defendant still argues that a six-year statute of limitations should apply in this instance. In support of such an argument, Defendant is asking this Court to either apply a six-year statute of limitations to a purported contract that Defendant has not provided, or to apply a six-year statute of limitations based on a document that so clearly states Delaware's three-year statute of limitations applies. Defendant's argument is baseless, however, because as ***already determined by this Court*** pursuant to the Cardmember agreement between the Plaintiff and the original creditor, Delaware law's three (3) year statute of limitations applies to

Easy Loans' debt collection efforts carried out in filing the illegal State Court Complaint. Specifically, this Court has already found that:

> The Cardmember Agreement, which forms the basis of Easy Loans' contract claim in the Justice Court Complaint, specifically contains a Delaware choice of law provision. (Dkt. no. 8, Ex. 2 at 3.) Under Delaware law, contract claims are subject to a three-year statute of limitations. 10 Del. C. § 8106. Thus, applying the Delaware statute of limitations, Easy Loans' Justice Court Complaint was time-barred and this argument fails.[5]

Thus, it is already established that the applicable statute of limitations is three years, that Defendant's state court action was time-barred, and that Defendant's Motion for Summary Judgment must be denied.

### 2. Plaintiff's state court action was time-barred even if applying the California four-year statute of limitations

Defendant's attempt to toll the statute of limitations likewise fails. Defendant argues that in order to apply the four-year statute of limitations, this Court must also apply California Code of Procedure Section 351, tolling the statute of limitations after Plaintiff moved from California to Nevada. But this simply is not true. In *Dan Clark Family Ltd. P'ship v. Miramontes*, 193 Cal. App. 4th 219, 233, 122 Cal. Rptr. 3d 517, 527 (2011), the court recognized the unfair application of such a tolling statute and the burden it could place on interstate travel and commerce when a long-arm statute like California's would permit service on an out-of-state defendant, like Plaintiff.

---

[5] Exhibit 2, at 5:21-6:4

Kazerouni Law Group, APC
Las Vegas, NV

> Application of section 351 would force defendants like the Miramonteses to choose between remaining in California until the limitations period expired, or returning to their place of residence, thereby forfeiting the limitations defense and remaining "subject to suit in California in perpetuity." (*Abramson, supra,* 897 F.2d at p. 392.) Putting a nonresident defendant to such a choice discourages interstate travel, or travel from California to Mexico, and thus burdens any commerce that the individual might choose to engage in during those travels.

*Id.*

Thus, it is clear that because California's long-arm statute would allow Defendant to serve Plaintiff, the potential burden caused by application of the tolling statute shows the tolling statute does not apply in this instance. Because the tolling statute does not apply, if this Court chooses to apply California's four-year statute of limitations, Defendant's state court action was still clearly time-barred, since Plaintiff's last payment on his consumer Chase Account occurred more than four and one-half (4 ½) years prior to Easy Loans filing its time barred lawsuit in State Court.   Because Plaintiff has raised a material issue of triable fact, Defendant's motion for summary judgment must be denied.

## VI. CONCLUSION

Plaintiff has established the necessary elements of his FDCPA allegations, and this Court has determined a three-year statute of limitations applies to Defendant's state court action which forms the basis of this Complaint. By proving the elements of his complaint, not only will Plaintiff prevail on the merits, but at a minimum Plaintiff has raised a material issue of triable fact. Therefore, Plaintiff respectfully requests this Court deny Defendant's Motion for Summary Judgment.

DATED:   November 14, 2014                    KAZEROUNI LAW GROUP, APC


                                              BY:   ___/s/ Danny J. Horen___
                                                    DANNY J. HOREN, ESQ.
                                              ATTORNEY FOR PLAINTIFF




                          **CERTIFICATE OF SERVICE**

        I hereby certify that on the 14th day of November 2014, service of the foregoing

*Plaintiff's Opposition to Defendant's Motion for Summary Judgment* was served via electronic

filing with this Court upon Defendant as addressed below:

| Counsel of Record | Phone/Fax | Party |
|---|---|---|
| Robert Qualey<br><br>Dotson & Qualey<br>2320 Paseo Del Prado, B 205<br>Las Vegas, NV 89102 | P: (702) 474-6677<br><br>rqualey@qualeylawfirm.com | Defendant |
| Tomio B. Narita<br><br>Simmonds & Narita LLP<br>44 Montgomery St., Ste 3010<br>San Francisco, CA 94104 | P: (415) 283-1010<br><br>tnarita@snllp.com | Defendant |


                                              BY: /s/ DANNY J. HOREN_____
                                                    DANNY J. HOREN, ESQ.
                                              KAZEROUNI LAW GROUP, APC