David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave.
Las Vegas, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Danny J. Horen
NV Bar No. 13153
danny@kazlg.com
Kazerouni Law Group, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (800) 400-6808x7
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RAMON IZQUIERDO, | Case No.: 2:13-cv-01032-MMD-VCF |
| Plaintiff, | |
| v. | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF RAMON IZQUIERDO** |
| EASY LOANS CORPORATION; and Does 1-10, inclusive, | |
| Defendant. | |

# I. INTRODUCTION

Defendant Easy Loans Corporation ("Defendant") filed its Motion to Strike (the "Motion") Ramon Izquierdo's ("Plaintiff") declaration submitted in support of Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment. Defendant's Motion, however, is simply a rehashing of the arguments presented in Defendant's Opposition to Plaintiff's Motion for Summary Judgment sprinkled with allegations that Plaintiff's declaration is a "sham."

When Plaintiff offered clarity to Defendant's questionable use of Plaintiff's deposition testimony, Defendant cried foul, claiming Plaintiff's affidavit offered new evidence that would "sandbag" Defendant. But Plaintiff's declaration is consistent with the verified Complaint, and only provides clarity to Defendant's questions that did not directly address pertinent in this case. No new evidence is proffered, and Defendant's Motion should therefore be denied.

# II. PLAINTIFF'S DECLARATION DOES NOT PROVIDE NEW EVIDENCE

Defendant contends that allowing Ramon Izquierdo's declaration would somehow prejudice Defendant. Yet Defendant has not said *how* this declaration is prejudicial. Defendant would have this Court believe new evidence was submitted in Plaintiff's declaration. However, Plaintiff's declaration is not only consistent with Plaintiff's verified complaint, but it is simply a clarification of his prior testimony due to Defendant's vague questions that resulted in Defendant's use of

Plaintiff's answers as evidence of a material issue of fact in this case.

Defendant cites two cases for the proposition of striking "new evidence" submitted in a reply. First, as already noted, Plaintiff's declaration contains clarification of his testimony, which is consistent with the verified Complaint Plaintiff filed under the penalty of perjury. Second, there Plaintiff's declaration offers absolutely no new evidence, and therefore both *Linder* and *Pacquiao* are inapplicable here.

In *Lindner v. Ford Motor Co.*, 2012 WL 3598269 (D. Nev. Aug. 17, 2012)[1], the court struck from the reply ***new documents and expert disclosure*** that exceeded the expert's previous analysis. The court in *Pacquiao v. Mayweather*, 2010 WL 3271961, (D. Nev. Aug. 13, 2010)[2] also struck ***new documents*** that were filed with a reply brief. Both cases clearly involved new evidence. Here, Plaintiff only provides a declaration that offers clarity to his deposition, directly in response to Defendant's baseless assertions in its Opposition to Plaintiff's Motion for Summary Judgment. Plaintiff's declaration offers no new evidence, and is therefore distinguishable from *Lindner* and *Pacquiao*.

a) **Plaintiff's declaration is consistent with his verified complaint**

Defendant's assertion that Plaintiff offers new evidence in his declaration is

---

[1] Defendant's citation was spelled "***Linder***" rather than "***Lindner***." Plaintiff could not find any case as cited by Defendant, so Plaintiff assumes the case as cited by Plaintiff is the case Defendant intended to cite.

[2] Defendant's citation of "2012 WL WL 3271961" did not return any results. Plaintiff assumes for this Opposition that Defendant meant to cite to *Pacquiao v. Mayweather*, **2010** WL 3271961, (D. Nev. Aug. 13, 2010).

simply false. Rather, Plaintiff's declaration is consistent with the verified Complaint Plaintiff filed under the penalty of perjury.

First, Plaintiff's declaration states Plaintiff obtained the credit card from First USA Bank, otherwise known as Chase. *See* Declaration of Ramon Izquierdo ("Izquierdo Decl."), ¶ 5; *see also* Complaint ¶ 8. Consistent with the Complaint, Plaintiff's declaration clarified that charges on the card were primarily for family, personal purchases or day-to-day living needs. *See* Izquierdo Decl., ¶ 9-10, 12, 14; *see also* Complaint, ¶ 9. When Plaintiff stated he did not use the credit card for business debts, taxes, or child support obligations, his statements were consistent with his verified Complaint and offered for clarity since Defendant attempted to raise the issue of exactly those types of purchases in its Opposition to Plaintiff's Motion for Summary Judgment. *See* Izquierdo Decl., ¶ 7, 8, 13; *see also* Complaint, ¶ 9.

Thus, it is clear that Plaintiff's declaration offers no new evidence. Plaintiff's declaration is consistent with the verified Complaint he filed under the penalty of perjury, and therefore the evidence offered is not new, despite Defendant's contentions to the contrary. Since Plaintiff's declaration is consistent with Plaintiff's verified Complaint, and no new evidence is offered, Defendant's Motion should be denied.

b) **Plaintiff's declaration merely provides clarification of deposition testimony**

Defendant attempts to use Plaintiff's deposition testimony against him in

Defendant's Opposition to Plaintiff's Motion for Summary Judgment. But in doing so, Defendant only refers to vague, off-point questions as evidence that Plaintiff cannot prove his case. Defendant's Motion argues that Plaintiff is not allowed to contradict prior testimony or discovery responses. Defendant, however, is mistaken. During the taking of Plaintiff's deposition, if Defendant wanted certain answers, Defendant had the duty to ask certain questions. Yet Defendant chose to avoid specifics when it came to Plaintiff's charges on the credit card, instead focusing on the date of purchases and whether Plaintiff remembered specific purchases. Moreover, even if Plaintiff made an admission in his testimony, they are not binding and may be clarified. *Sims v. Hughes*, No. CIV.A. 12-421, 2013 WL 1352278, at *1 (E.D. La. Apr. 2, 2013) addresses the fact that admissions, even if directly stated in a deposition, are not legally binding, and they may be clarified:

> "A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them." *Martinez v. Bally's Louisiana, Inc.,* 244 F.3d 474, 476 (5th Cir.2001). It "may not be controverted at trial or on appeal." *Keller v. United States,* 58 F.3d 1194, 1199 n. 8 (7th Cir.1995). "Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention." *Id.* It "is conclusive, unless the court allows it to be withdrawn." *Id.* at 477. ***A statement made by counsel during the course of trial may be considered a judicial admission if it was made intentionally as a waiver, releasing the opponent from proof of fact." Id. at 476. "By contrast, an ordinary evidentiary admission is merely a statement of assertion or concession made for some independent purpose, and it may be controverted or explained by the party who made it." Id. at 476–77 (citations and internal quotations omitted). "When a party testifying at trial or during a deposition admits a fact which is adverse to his***

***claim or defense, it is generally preferable to treat that testimony as solely an evidentiary admission." Keller,*** 58 F.3d at 1199 n. 8 (citing Michael H. Graham, Federal Practice and Procedure § 6726, at 536–37); *see also Siegrist v. Kleinpeter,* 2004 WL 797723 *2 (E.D.La.2004) (Vance, J.) ("The deposition statement by Dr. Kleinpeter is an evidentiary admission, not a judicial admission. There is no indication that he made the statement as a formal concession with the intention of relieving plaintiff of the burden of proving the standard of care.") (emphasis added).

*Id.*

Here, like in *Sims,* Plaintiff was simply clarifying the deposition testimony that Defendant, in its Opposition, attempted to use as evidence of admissions that Plaintiff could not prove his case. *See* Izquierdo Decl., ¶¶ 4-14. The burden is on the questioner "to pin the witness down to the specific object of the questioner's inquiry." *US v Cowley,* 720 F.2d 1037 (9th Cir. 1983) (quoting Bronston v. U.S., 409 U.S. 352, 360, 362 (1973)).

Defendant, for good reason, never asked Plaintiff if he made the credit card charges for personal and/or household use. Instead, Defendant asked Plaintiff only if he could "pinpoint any of the exact purchases" made on the card. Plaintiff's clarification that any charges made were for personal and/or household use is consistent with Plaintiff's verified Complaint and not new evidence. *See* Izquierdo Decl. ¶ 11; *see also* Plaintiff's verified Complaint ("Complaint"), ¶ 9.

Instead of asking about the true issue, the charges made on the card, Defendant asked Plaintiff "[a]s you're sitting here this afternoon, can you think of any specific dates that you actually used that card?" *See* Izquierdo Decl. at ¶ 10. The

specific dates of use are not an issue to be proven. Plaintiff's Complaint not only sufficiently alleges the card was used for personal, household and/or family purposes[3], but Plaintiff's declaration further clarifies that issue under the penalty of perjury for the second time. Plaintiff's declaration merely clarifies the actual issue, whether the charges made were for personal items, with a "yes," as there are no other purchases Plaintiff would use the credit card for. Thus, Plaintiff's declaration, which is consistent with the allegations of the verified Complaint, presents no new evidence.

Finally, Defendant's Motion argues Plaintiff "now knows that the did not use the Account for business purposes or a number of other purchases that are not debts under the FDCPA." *See* Def.'s Motion, p. 5, ln. 25-27. However, during Defendant's taking of Plaintiff's deposition, no mention of any of these uses was made by Defendant. Defendant did not inquire about whether or not Plaintiff used the card for any of those reasons. If Defendant wanted an answer to that question, Defendant had the duty to ask. *See US v Cowley*, 720 F.2d 1037 (9th Cir. 1983). Instead, Defendant used the fact that Plaintiff had not explicitly stated he never used the credit card for these purposes as evidence that Plaintiff did not deny using the card for such purposes. Therefore, it became necessary and natural for Plaintiff to clarify through his affidavit that he never did, nor would he, use his credit card to pay business debts, fines, tax liabilities or child support, because

---

[3] Complaint, ¶ 9.

Plaintiff was did not have a business of his own, owed no fines or tax liabilities, and had no pending child support to pay. *See* Izquierdo Decl., ¶ 13. Plaintiff's clarification is again consistent with his verified Complaint, where Plaintiff alleged the charges were for "family, personal or household purposes,"[4] and therefore adds no new evidence.

It is obvious that Plaintiff's declaration offers nothing new in the way of evidence. The declaration remains consistent with the allegations in Plaintiff's verified Complaint. Further, the declaration only serves to clarify Plaintiff's deposition testimony in response to Defendant's questions that did not adequately address the facts at issue in this case. Therefore, Plaintiff's declaration is not prejudicial because it offers no new evidence, and Defendant's Motion to Strike Plaintiff's Declaration should be denied.

///

///

///

///

///

///

///

///

---

[4] Complaint, ¶ 9.

/// 

**III.    CONCLUSION**

Plaintiff's declaration is consistent with the verified Complaint he filed under the penalty of perjury. Additionally, Plaintiff offers clarification of prior testimony to rebut baseless assertions Defendant makes in its Opposition to Plaintiff's Motion for Summary Judgment. Defendant failed to ask pointed questions in taking Plaintiff's deposition. Plaintiff's clarification is not new evidence. For these reasons, Plaintiff respectfully requests Defendant's Motion to Strike be denied.

Dated:  November 26, 2014                           Respectfully submitted,


                                                    **Kazerouni Law Group, APC**


                                    By:   ___/s/ Danny J. Horen___
                                          Danny J. Horen, Esq.
                                          Attorney for Plaintiff

<u>PROOF OF SERVICE</u>

Pursuant to LR 5-1, I hereby certify that on the 26th day of November, 2014, service of the foregoing *PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF RAMON IZQUIERDO* was served via ECF to Defendant's counsel, addressed as follows:

| Counsel of Record | Email | Party |
|---|---|---|
| Robert Qualey<br><br>Dotson & Qualey<br>2320 Paseo Del Prado, B 205<br>Las Vegas, NV 89102 | P: (702) 474-6677<br><br>rqualey@qualeylawfirm.com | Defendant |
| Tomio B. Narita<br><br>Simmonds & Narita LLP<br>44 Montgomery St., Ste 3010<br>San Francisco, CA 94104 | P: (415) 283-1010<br><br>tnarita@snllp.com | Defendant |

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is a true and correct statement and that this Certificate was executed on the aforementioned date above.

BY:  _/S/ DANNY HOREN__
DANNY J. HOREN, ESQ.
NV Bar No. 13153
KAZEROUNI LAW GROUP, APC