ROBERT QUALEY
Dotson & Qualey
2320 Paseo Del Prado, B 205
Las Vegas, NV 89102
(702) 474-667
rqualey@qualeylawfirm.com

TOMIO B. NARITA (pro hac vice)
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104
(415) 283-1010
tnarita@snllp.com

Attorneys for Defendant
Easy Loans Corporation

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RAMON IZQUIERDO, | Case No. 2:13-cv-01032-RBF-VCF |
| Plaintiff, | |
| vs. | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S OBJECTION AND MOTION TO STRIKE PLAINTIFF'S REPLY DECLARATION [DOC. NO. 37-1]** |
| EASY LOANS CORPORATION; and DOES 1-10, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

The one sentence in the Complaint filed by Plaintiff Ramon Izquierdo ("Izquierdo") alleging the Account is a "debt" under the FDCPA[1] supplied no factual support – it simply parroted the language of the statute. In response to the interrogatory served by defendant Easy Loans Corporation ("Easy Loans") asking Izquierdo to state all facts to support his allegation that the account is a "debt," he provided none. At his deposition, he testified that he could not remember how or when he used the account. He submitted no evidence with his moving papers in support of summary judgment on this point.

The reply declaration (Doc. No. 37-1) is not "consistent" with his Complaint, nor does it merely clarify his deposition testimony. The testimony describing purchases he made and how he used the account is new evidence that was not provided while discovery was open. It directly contradicts his lack of memory at his deposition. As a result, his Reply declaration contains new evidence and it prejudices Easy Loans. It should not be considered.

## II. ARGUMENT

### A. Izquierdo's Testimony About How He Purportedly Used The Account Is New Evidence He Withheld In Discovery

Izquierdo argues that his declaration describing the nature of charges on the account is not new evidence because it is "consistent" with his allegation in his Complaint and "merely provides clarification" of his deposition testimony. *See* Doc. No. 44 at 2:21-5:8. A review of Izquierdo's discovery responses and deposition testimony shows he is incorrect.

In response to defendant Easy Loans Corporation's ("Easy Loans") written discovery, which asked him to state **all facts** he had to support his allegation that the account is a "debt" under the FDCPA, he stated:

---

[1] Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

>Objection.  Calls for a legal conclusion and is vague and ambiguous.  Notwithstanding the foregoing objections, the Debt arose from services provided by a Creditor which were primarily for family, personal or household purposes.

*See* Doc. No. 34-4 at Ex. H.  Then at his deposition he could not describe how or when he used the account.  *See* No. 34-3 at Ex. F, 19:18-20:6.  He did not clarify his testimony by amending his transcript, nor did he serve amended discovery responses.

With his opening papers in support of his summary judgment motion, Izquierdo did not submit any declaration.  Instead, to meet his burden of proving the unpaid charges on the account were incurred "primarily for personal, family or household use,"[2] he relied solely on a one sentence allegation in the Complaint that merely quotes the language of the FDCPA.  *See* Doc. No. 33 at p. 7:17-19.

The declaration submitted with his Reply is not "consistent" with the Complaint and does not merely "clarify" his deposition testimony.  His new testimony offers paragraph after paragraph of new evidence that purportedly supports his claim that the account is a "debt" under the FDCPA.   He now states that he used the account to "buy day to day necessities, food, clothes, gas, or other items for personal use" and the numerous other details about the account which were not included in his discovery responses and contradict his deposition testimony.  *See* Doc. No. 37-1.  These are details Izquierdo was required to provide in his discovery responses, or at his deposition, so that counsel for Easy Loans could subject them to cross-examination or otherwise follow up.  At minimum, he should have supplied these details with his moving papers.  He did not and cannot now use them to support his reply.  *See Lindner v. Ford Motor Co.*, 2012 WL 3598269, *2 (D. Nev. Aug. 17,

---

[2] Izquierdo does not challenge that it is his burden to prove the account qualifies as a "debt."  *See* 15 U.S.C. 1692a(6) (defining the term "debt" as limited to obligations incurred "primarily for personal, family or household purposes").

IZQUIERDO v. EASY LOANS CORPORATION (CASE NO.  2:13-cv-01032-RBF-VCF)
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S OBJECTION
AND MOTION TO STRIKE PLAINTIFF'S REPLY DECLARATION [DOC. NO. 37-1]

2

2012); *Pacquiao v. Mayweather*, 2010 WL 3271961, *1 (D. Nev. Aug. 13, 2010).[3]

      **B.    Easy Loans Did Not Have A Duty To Repeatedly Ask Izquierdo To State Facts To Support His Allegation That The Account Is A Debt Under The FDCPA**

Easy Loans was not under any "duty" to repeatedly ask him to state all the facts showing the account is a "debt" under the FDCPA, until Izquierdo got around to providing them, as he now suggests. *See* Doc. No. 44 at 4:26-5:11. It is his burden on summary judgment to prove the unpaid charges on the account qualifies as a "debt." He failed to provide evidence in his discovery responses, or during his deposition, and he never corrected his deposition testimony or amended his discovery responses. He cannot offer new evidence in his reply papers which, if true, was available to him when he filed his motion.

    Relying on a decision from the Eastern District of Louisiana, *Sims v. Hughes,* 2013 WL 1352278, *1 (E.D. La. Apr. 2, 2013), Izquierdo argues that his deposition testimony is not "legally binding" on the issue of whether the account qualifies as a "debt." *See* Doc. No. 44 at 5:11-6:15. He is wrong. In *Sims*, the plaintiff sued his employer for negligence relating to a workplace injury plaintiff incurred while on the job. *Sims,* 2013 WL 1352278, at *1. During his deposition, the plaintiff responded "no" when asked if he believed the company's personnel "did anything wrong." The court held his belief was not a judicial admission, and plaintiff was allowed to submit other evidence to oppose summary judgment showing the company's negligence even if it was contrary to the plaintiff's belief. *Id*.

    *Sims* does not resemble this case. Izquierdo withheld evidence in discovery about the nature of the charges on the Account, testified he could not remember how the funds were used and then offered no evidence with his moving papers. His Reply

---

[3] Izquierdo attempts to distinguish *Lindner* and *Pacquiao* by arguing that the new evidence at issue in those cases was documents rather than testimony. *See* Doc. 44 at 3:10-21. This is an irrelevant distinction. New evidence submitted with a reply brief is improper regardless of whether it consists of documents or testimony.

declaration then offered new and contradictory evidence. *Sims* does not help him.[4]

### C.  The New Evidence In Izquierdo's Reply Declaration Substantially Prejudices Easy Loans

Izquierdo's assertion that his new testimony about the nature of the charges on the account is not "prejudicial" to Easy Loans is false. *See* Doc. No. 44 at 2:21-24. By withholding facts requested in discovery, Izquierdo deprived Easy Loans from conducting follow up discovery to cross-examine him about the basis for the claims. Further, by failing to submit this evidence with is moving papers, Izquierdo deprived Easy Loans of a chance to respond.  This is precisely why courts in this District have struck evidence offered in support of a reply brief that was available to the moving party when they moved for summary judgment. *See Lindner*, 2012 WL 3598269, *2; *Pacquiao*, 2010 WL 3271961, *1.

The purported facts about how Izquierdo used his account are facts that were available to him through out this litigation.  He has no excuse for withholding this information.  The Reply declaration should be stricken.

## III.  **CONCLUSION**

For the reasons stated in Easy Loans' motion to strike and herein, Easy Loans respectfully requests that the Court enter an Order striking the Declaration of Ramon Izquierdo (Doc. No. 37-1) and all portions of the Reply (Doc. No. 37) that rely on it.

---

[4] Further, courts have routinely held that when FDCPA plaintiffs fail to provide facts showing the account is a "debt" or testify they cannot remember how the account was used, summary judgment for the defendant is appropriate. *See, e.g., Matin v. Fulton, Friedman & Gullace LLP*, 2011 WL 5925019, **4-5 (E.D. Pa. Nov. 14, 2011) (summary judgment for defendant because no evidence credit card account was a "debt" under the FDCPA; plaintiff testified at her deposition that she could not remember charges on the card); *Toroussian v. Asset Acceptance, LLC*, 2013 WL 5524831, *6 (C.D. Cal. Oct. 4, 2013) (summary judgment for defendant on FDCPA claim; plaintiff did not provide evidence that alleged fraudulent credit card charges qualified as a "debt"); *Anderson v. AFNI, Inc.*, 2011 WL 1808779, *14 (E.D. Pa. May 11, 2011) (same; victim of ID theft could not prove existence of "debt").

| | |
|---|---|
| 1  Dated: December 2, 2014 | SIMMONDS & NARITA LLP<br>TOMIO B. NARITA (*pro hac vice*) |
| | |
| | By: ___/s/ Tomio B. Narita_____<br>Tomio B. Narita<br>Attorney for Defendant<br>Easy Loans Corporation |